GEORGE W. McKEE v. THOMAS WILSON.

*Slander—Infamous offence.*

1. In slander, it must appear from the complaint that the libellous matter in respect to the plaintiff's conduct in office, and actionable only by reason thereof, was written while he was holding such office.

2. To constitute oral slander, the words must impute to the plaintiff the commission of an infamous offence.

3. An offence is infamous, where the conviction and punishment for its commission, involve moral turpitude and social degradation. A misdemeanor punishable only by fine or imprisonment is not infamous.

(*Edwards* v. *Howell,* 10 Ired., 211 ; *Skinner* v. *White,* 1 Dev. & Bat., 471; *Shipp* v. *McGraw,* 1 Mur., 463 ; *Brady* v. *Wilson,* 4 Hawks 93, cited and approved.)

CIVIL ACTION tried on complaint and demurrer at July Special Term, 1882, of GASTON Superior Court, before *Gudger, J.*

The complaint consists of a series of counts or causes of action separately stated, and imputes to the defendant the utterance of slanderous words, both written and spoken, concerning the plaintiff, whereof the first and second charged the publication in the *Gastonia Gazette* of the libellous matter therein set out, and the others with verbal defamation.

As explanatory of the meaning and application of such words, the complaint alleges that the plaintiff was sheriff of the county of Gaston from the 31st day of July, 1868, until the 2nd day of September, 1872, and as such, collector of the public taxes during that period, including those levied for the last mentioned year, and that they were intended to charge, and do charge, (varying somewhat in phraseology in the different averments but in import substantially the same) the plaintiff with dishonesty and fraud in his settlement with the proper county officer of the taxes so collected, withholding a part thereof and corruptly appropriating the same to his own use.

It is not deemed necessary to set out in terms the defamatory language imputed in the several enumerated causes of action, since the essential charge in each is of corrupt and dishonest conduct in the office of tax-collector in failing to account for, and intentionally withholding moneys so collected and due the county, and fraudulently applying them to his personal use.

The defendant put in his answer to the two causes of action containing charges of the libellous publications, and demurred to the other causes of action imputing verbal slander, assigning as the grounds thereof:

1. That the words do not impute an infamous crime.

2. That it is not averred that the words were spoken of the plaintiff while in the exercise of his office.

3. The offence charged is barred by the statute of limitations and no prosecution will lie therefor.

4. There is no allegation of special damage.

The court on the hearing overruled the demurrer and allowed the defendant time to answer, from which judgment the defendant appealed.

*Messrs. Bynum & Grier*, for plaintiff.
*Mr. G. F. Bason* and *Hoke & Hoke*, for defendant.

SMITH, C. J., after stating the above. It is well settled on authority that words spoken of a person in respect to his office or employment and actionable only by reason thereof, must be spoken, while he is holding such office or pursuing such employment, and not afterwards. 1 Stark. on Slander, 123. "It must appear," says the writer, when the words were spoken of a barrister or physician, "that he practiced as such at the time the words were spoken," and to the same effect is 5 Wait Act. and Def., 742.

This is expressly ruled as a correct statement of the law in *Edwards* v. *Howell*, 10 Ired., 211; *Collis* v. *Malin*, Cro. Chas., 282; *Ferevard* v. *Adams*, 7 Wend., 204.

2. To constitute oral slander, the words must impute to the plaintiff the commission of an infamous offence, an offence the conviction and punishment whereof involves moral turpitude and social degradation. The malversation in office, that is, the corrupt and fraudulent failure to account for and pay over the public taxes, is declared to be punishable as for a felony by imprisonment in the penitentiary by the act of 1868–'69, ch. 74, §§ 35 and 38; while by the subsequent act of 1871–'72, ch. 49, §§ 38 and 41, the same offence is made a misdemeanor to be punished by fine or imprisonment. This enactment took effect on January 17th, 1872, and covers any defalcation that occurred during the last year of the office. *Ibid.* § 21.

If this latter statute does not annul the preceding act, being *in pari materia*, the complaint does not show to which period of time the imputed official misconduct is to be referred, and therefore it cannot be seen that an offence higher than a misdemeanor is charged, and such a charge is clearly not actionable according to all the authorities, when only a fine or imprisonment can be imposed. Says DANIEL, J., delivering the opinion in *Skinner* v. *White*, 1 Dev. & Bat., 471 : "It seems to us that the rule laid down by LORD HOLT, that the words, if true, must not only subject the party to imprisonment but an infamous punishment, is the rule in this state." See also *Shipp* v. *McGraw*, 3 Murph., 463; *Brady* v. *Wilson*, 4 Hawks, 93.

There being no averment of special damage, the case is not relieved from the operation of the general rule applicable to slander, actionable *per se.*

There is error and the judgment must be reversed. This will be certified that the action may proceed in the court below.

Error.                                             Reversed.