A. M. GUDGER v. A. M. PENLAND.

*Slander—Damages— Words Actionable per se—Complaint — Infamous Offence—Judicial Proceeding—Privileged Communications—Special Damages — Prayer for Relief.*

1. A charge that one has committed an infamous offence is actionable *per se* without alleging special damages.

2. An offence is infamous that is punishable by imprisonment in the State Penitentiary.

3. The plaintiff in an action for slander is not required to negative in his complaint that words actionable *per se* were not spoken in such a manner or under such circumstances as rendered them privileged, and this though it appeared from the complaint that they were spoken in or about a judicial proceeding.

4. The place where the words are spoken and the circumstances of excuse or privilege are matters of defence.

5. If it had appeared affirmatively that the words were spoken in a judicial proceeding, the position of a prosecutor in such proceeding would furnish no absolute or *presumptive* protection against such liability.

6. A formal prayer for relief is not now necessary in a complaint; and in an action for slander separate demands for damages need not be appended to the various allegations setting up the causes of action.

This was an ACTION for slander, heard on demurrer at the February Term, 1890, of the Superior Court of BUNCOMBE County, before *Philips, J.*

The complaint and demurrer were as follows:

The plaintiff, complaining of the defendant, alleges—

1. That he is now a good, true and honest citizen of this State, and as such hath always conducted himself, and, until the committing of the grievances hereinafter mentioned, was always reputed to be a person of good fame and credit, and hath never been guilty, nor, until the committing of the said

grievances, been suspected to have been guilty of swearing falsely, or of any other crime, by means of which said premises he (the said plaintiff), before the committing of the said grievances, had deservedly obtained the good opinion of all of his neighbors and of all other persons to whom he is known.

2. That the said defendant, well knowing the premises, as stated in paragraph 1, but contriving and wickedly and maliciously intending to injure the plaintiff in his good fame and credit, and to bring him into public scandal, infamy and disgrace, and to cause it to be suspected that he (the plaintiff) had been guilty of perjury and swearing falsely heretofore, to-wit, on the ‥ day of January, 1890, in the county of Buncombe aforesaid, in a certain discourse which he (the said defendant) then and there had, in the presence and hearing of divers good and noted citizens of this State, concerning the plaintiff, falsely and maliciously spoke and published of and concerning the plaintiff these false, scandalous, malicious and defamatory words following—that is to say, " he (meaning the plaintiff) that damned old son-of-a-bitch, 'Dolph Gudger, had sworn lies on him (meaning the said defendant) in the Criminal Court at Asheville, at the Special Term, 1889."

3. That afterwards, to-wit, on the day and year aforesaid, in the county aforesaid, in a certain other discourse which he (the said defendant) then and there had in the presence and hearing of divers other good and worthy citizens of this State, he (the said defendant) further contriving and intending as aforesaid, then and there, in the presence and hearing of the said last mentioned citizens, falsely and maliciously spoke and published of and concerning the said plaintiff these other false, scandalous, malicious and defamatory words following—that is to say, he (meaning the plaintiff A. M. Gudger) swore to a lie in the Court at Asheville, and he could prove it, and he, A. M. Gudger (meaning the plaintiff),

swore lies on him (meaning the defendant) at the Court in Asheville, and he (meaning the defendant) could prove it; that the lies sworn by him (meaning the plaintiff) were in the fence case, which was an indictment tried at the November Special Term of the Criminal Court of Buncombe County, 1889.

4 That afterwards, to-wit, on the day and year aforesaid, in the county aforesaid, in a certain other discourse which he (the said defendant) then and there had in the presence and hearing of divers other good and worthy citizens of this State, he (the said defendant), further contriving and intending as aforesaid, then and there, in the presence and hearing of said last mentioned citizens, falsely and maliciously spoke and published of and concerning the said plaintiff these other false, scandalous, malicious and defamatory words following—that is to say, he (meaning the plaintiff) at the Special Term of the Criminal Court held for the county of Buncombe in November, 1889, swore to a God damn lie, and he could prove it, in a case then pending, in which the State was the plaintiff, and C. L. Miller, Eugene Moss, William Plemmons, Sr., Dow Meadows, Zack Plemmons, Francis Hill and William Plemmons, Jr., were defendants.

5. That afterwards, to-wit, on the day and year aforesaid, in the county aforesaid, in a certain other discourse which he (the said defendant) then and there had in the presence and hearing of divers other good and worthy citizens of this State, he (the said defendant), further contriving and intending as aforesaid, then and there, in the presence and hearing of the said last mentioned citizens, falsely and maliciously spoke and published of and concerning the said plaintiff these other false, scandalous, malicious and defamatory words following—that is to say, he (meaning the plaintiff A. M. Gudger) swore to a lie in the case of the State against C. L. Miller, Eugene Moss, William Plemmons, Sr., Dow Meadows, Zack Plemmons, Francis Hill and William Plemmons, Jr., in

the case which was tried at the Special Term of the Criminal Court held for the county of Buncombe, 1889, in which case the plaintiff was sworn as a witness and testified in behalf of the defendants.

6  That before the speaking of the several false, scandalous, malicious and defamatory words by the said defendant of and concerning the plaintiff stated in the paragraphs hereinbefore mentioned, a certain action was depending in the Criminal Court of Buncombe County, wherein the State was plaintiff and C. L. Miller, Eugene Moss, William Plemmons, Sr., Dow Meadows, Zack Plemmons, Francis Hill and William Plemmons, Jr., were defendants, in which said action, before the speaking and publishing of the same words, to-wit, at the special November Term, 1889, the said defendants were tried and convicted, that is to say, C. L. Miller, Eugene Moss, Dow Meadows, Zack Plemmons and William Plemmons, Jr., for destroying the fence of the said defendant A. M. Penland, on the trial of which said case he, the said plaintiff, was duly sworn and did take his corporal oath upon the holy gospels of God before the said Court, the said Court then and there having sufficient and competent power and authority to administer an oath to the said plaintiff in that behalf; and the said plaintiff being so sworn, and having so taken his corporal oath, was then and there examined, and did give his evidence as a witness in said case aforesaid; and the said plaintiff further saith that the said defendant, well knowing the premises, but greatly envying the reputation of the said plaintiff, and contriving and intending to injure the plaintiff in his aforesaid good name, fame and character, and bring him into public scandal, infamy and disgrace with all his neighbors and other good citizens to whom he was known, and to cause it to be suspected and believed by those neighbors and citizens that he, the plaintiff, had been and was. guilty of perjury, and to subject him to the pains and penalties of the law, and also

to vex, harrass and ruin him, the said plaintiff, on the day and year aforesaid, in a certain discourse which the said defendant then and there in the presence and hearing of the said last mentioned citizens, falsely and maliciously spoke and published of and concerning the said plaintiff, and of and concerning the said trial, and of and concerning the said evidence so given by the said plaintiff as aforesaid, the false, scandalous, malicious and defamatory words following, that is to say, that he (meaning the plaintiff A. M. Gudger) swore a lie about rails not having been put upon the fence of A. M. Penland, and that old Dolph Gudger swore a lie in testifying that there had not been a new rail on the said fence in twenty years.

7. That by means of the committing of the said grievances, and on account of the committing of the same, the said plaintiff has been and is greatly injured in his said good fame and credit, and brought into public scandal, infamy and disgrace, and otherwise greatly injured to the damage of the said plaintiff in the sum of ten thousand dollars.

Wherefore, the plaintiff prays judgment for the sum of ten thousand dollars damages, and the costs of this action.

On the back of said complaint appears the following endorsement: "Filed April 10th, 1890."

The defendant demurs to the plaintiff's complaint, and assigns for cause of demurrer that said complaint does not state facts sufficient to constitute a cause of action, in that—

1. It fails to allege that the Criminal Court of Buncombe had jurisdiction to try the case, State against C. L. Miller and others, referred to in the complaint.

2. It fails to allege that, in said case referred to in said complaint, the defendants were charged with any crime or offence against the laws of the State.

3. It fails to allege that the evidence given by the plaintiff, the falsity of which the defendant is alleged to have charged, was material to the issue then on trial.

4. It fails to allege that the language which the complaint alleges that the defendant charged the plaintiff with having used falsely was material to any issue arising upon an indictment for removing a fence.

·5. That it appears upon the face of said complaint that the language which it charges that the defendant charged the plaintiff with having falsely uttered, as a witness on the trial of the case, State against C. L. Miller and others, mentioned in said complaint was not material to any issue that could arise upon said trial.

6. It fails to allege that the defendant charged the plaintiff with the commission of any crime against the laws of this State, and it alleges no special damage.

7. The language charged to have been uttered by the defendant against the plaintiff is not actionable *per se*, and no special damage is alleged.

8. That the complaint is vague, indefinite and does not state with sufficient clearness the language used, nor who used it.

9. If the plaintiff should attempt to treat the different allegations of his complaint as statements of separate causes of action, then neither states a cause of action, in that, in addition to the defects hereinbefore assigned, each of said allegations fails to allege any damage and fails to comply with the requirements of Rule 24 of the Supreme Court— 104 N. C., 923.

Wherefore, the defendant prays to be hence dismissed, with his proper costs.

Demurrer overruled. Appeal.

*Mr. George A. Shuford,* for plaintiff.
*Mr. W. J. Peele,* for defendant.

AVERY, J.: The charge that one has committed an infamous offence, if false, is actionable *per se*. *Pegram* v. *Stoltz,*

76 N. C., 349; *Wilson* v. *McKee*, 87 N. C., 300; *Sparrow* v. *Maynard*, 8 Jones, 195; *Eure* v. *Odom*, 2 Hawks., 52.   It is not material whether the offence charged falls within the classification of felonies or misdemeanors, if, at the time when the words are spoken, a person convicted on indictment for it would be subject to infamous punishment.   *Eure* v. *Odom, supra*.   Imprisonment in the State prison is infamous punishment.   *Wilson* v. *McKee, supra;* In the matter of Hughes, Phil., 62.   Perjury is a misdemeanor, and is punishable by imprisonment in the penitentiary or in the county jail, and by fine not exceeding one thousand dollars.   *The Code*, § 1092.   The contention of the defendant's counsel that the slanderous language appeared to have been used while a judicial investigation was progressing, and that, under the principle stated in *Nissen* v. *Cramer*, 104 N. C., 574, the defendant is absolutely exempt from liability, finds no support in the admitted allegations of the complaint.   It does not appear affirmatively in the complaint whether the language imputed to the defendant in either of the paragraphs of the complaint, setting forth specific language in which the charge was couched on different occasions, was spoken at the time of the trial of the criminal action, or afterwards.   The plaintiff was not required to negative the idea that the words, slanderous *per se*, were uttered under such circumstances that the defendant would be protected from liability on the ground of privilege.   The fact, if true, that the words were uttered in the course of a judicial proceeding, and were relevant and pertinent to the matter before the Court, must be set up in the answer if the defendant wishes to avail himself of it in his defence, unless it be gratuitously alleged in the complaint.

If it had been alleged that the language was spoken when the defendant was being examined as a witness on the trial of the indictment, still it does not appear that the defendant sustained such relation to the prosecutor as to furnish abso-

lute or presumptive protection against liability. *Nissen* v. *Cramer, supra; Shelfer* v. *Gooding,* 2 Jones, 175; *Briggs* v. *Byrd,* 12 Ired., 380. There is nothing alleged in the complaint that will support the contention of the defendant's counsel that the action cannot be maintained.

We think that it appears with sufficient certainty that defendant charged the plaintiff with having sworn a lie when he was examined as a witness in the Criminal Court of Buncombe County on the trial, at a term mentioned, of an indictment (under section 1062 of *The Code*) against the persons named for destroying Penland's fence. We take judicial notice of the existence of that Court, and of the fact that it had jurisdiction of the offence mentioned. *State* v. *Ledford,* 6 Ired., 5; *State* v. *Brown,* 79 N. C., 642. It was not necessary that the plaintiff should set forth the language or substance of the testimony delivered by him and referred to by the defendant as constituting the false swearing, unless the defendant, when speaking the slanderous words, went on to specify what the plaintiff did swear or in what particulars his testimony was false. *Smith* v. *Smith,* 8 Ired., 29.

A formal prayer for relief is not now essential in any complaint, and where a plaintiff specifies, in different paragraphs of the complaint, language used by the defendant at various times before the action was brought, but amounting in each instance, in all of its varied forms, to a charge that the plaintiff swore falsely as a witness on the trial of a certain suit before a Court of competent jurisdiction, it is not necessary to append to each specification a separate demand for damage. *Harris* v. *Sneeden,* 104 N. C., 369. Though an action could be maintained and damages recovered by proving the utterance of the slanderous words set forth in more than one paragraph of a complaint, the language used in each instance amounting to a charge of perjury in the same judicial proceeding and at the same time, it does not follow that it is essential in this case that a separate demand for

damage should be appended to each of such paragraphs. *Harris* v. *Sneeden, supra.* The rule referred to in the demurrer is not susceptible of the construction that counsel seem to have given to it.

For the reasons given, we think that the demurrer was properly overruled. There was no error.

Affirmed.