BAGGETT *v.* GRADY.

---

HIRAM BAGGETT v. HENRY A. GRADY ET AL.

(Filed 15 March, 1911.)

1. Application for License—Supreme Court—Investigation—Affidavits—Defamation—Absolute Privilege.

Affidavits filed in the Supreme Court in response to a citation by that Court and used while considering the question of granting a license to an applicant to practice law are absolutely privileged, and no action for damages will lie because the affidavits contained defamatory relevant matter affecting the character of the applicant.

2. Same—Conspiracy—Evidence.

The Supreme Court has complete jurisdiction over the granting of licenses to practice law; and when the Court has under consideration the question of granting a license to an applicant, and issues a citation to certain persons to appear, and in compliance therewith they do appear and file affidavits relevant to the inquiry and affecting the character of the applicant, no evidence of conspiracy is shown, the defamatory matters contained in the affidavits being absolutely privileged, and called for by the Court in the progress of the inquiry.

**3. Witnesses—Privileged Communication—Responsive Answers—
    Objections and Exceptions.**

It is the province of counsel to object to irrelevant matter,
and a responsive answer by a witness to a question of a defama-
tory nature, when no objection is made, or, being made, is over-
ruled, cannot make the witness liable in an action for damages.

APPEAL from *Whedbee, J.,* at October Term, 1910, of SAMP-
SON.

This was a civil action. The action was for damages alleged
to have been caused the plaintiff by reason of certain affida-
vits filed by the defendants in the Supreme Court of the State
affecting the moral character of the plaintiff, and protesting
against the issuance to him of a license to practice law. At
the conclusion of the evidence a motion to nonsuit was sus-
tained, and plaintiff appealed.

*E. F. Young and J. C. Clifford for plaintiff.*
*Faison & Wright and Fowler & Crumpler for defendant.*

BROWN, J.  This action grows out of certain proceedings
before this Court which were had when plaintiff applied for
license to practice law. *In re License,* 143 N. C., p. 1.

Upon that hearing, in consequence of information received
by us affecting the character of plaintiff, this Court being de-
sirous of knowing the true facts, caused notice to be given the
applicant, Hiram Baggett, and caused a citation to issue to the
law firm of Grady & Graham, commanding them to appear at
a date fixed in said citation and inform the Court as to any
facts within their knowledge concerning the moral character
of said applicant. In obedience to said mandate the defend-
ant Henry A. Grady appeared before this Court and filed cer-
tain affidavits, one of which was made by himself, one by the
defendant McPhail, and one by the defendant Wilson. The
plaintiff, Hiram Baggett, also appeared in answer to the cita-
tion served on him, and filed affidavits in support of his char-
acter and moral standing. Certain parts of the affidavits filed
by the defendants are copied in the complaint, and contain
the matters alleged to have been libelous. All of said affidavits
were read before the Supreme Court, while the Court was con-

sidering the application of the plaintiff for a license to practice law; and this is the only publication of said charges proven or testified to upon the trial, except such mention thereof as was made in the newspapers by the reporters who attended the hearing.

The plaintiff also alleges that there was a conspiracy between the several defendants to injure his character, and to prevent him from getting a license to practice law.

At the conclusion of the plaintiff's evidence, on motion of counsel for the defendants, a nonsuit was granted, and the plaintiff excepted and appealed.

The judgment of the Court must be sustained, for two reasons:

First. The affidavits were absolutely privileged, because made and used in proceeding, before a court, relevant to the inquiry, and while in the determination thereof, and the same having been called for by the court.

Second. There was no evidence whatever of a conspiracy between the several defendants to injure the name or character of the plaintiff by the use of the alleged defamatory matter set out in the complaint.

As to the question of privilege, it is well settled that what a party or witness says or does in the progress of a trial, relevant to the issue, whether actuated by malice or not, is absolutely privileged. *Runge v. Franklin,* 72 Tex., 585, 13 Am. St. Rep., 833; *Nissen v. Cramer,* 104 N. C., 574.

This Court has complete jurisdiction over the granting of licenses to practice law. The plaintiff was an applicant and the Court was considering his application.

The affidavits were filed in obedience to the mandate of the Court, and are therefore absolutely privileged. They were strictly relevant to the matter under consideration, but in this respect the privilege of a witness extends beyond that of counsel; for it is not the business of a witness to consider whether the subject under inquiry is relevant or not. This is strictly the province of counsel and of the court, and if no objection is made to a question, or, if being made, is overruled, it is the

duty of a witness to assume that it is relevant and to answer it; and for his answer, when responsive to the question, he cannot be held liable in a civil suit.

*Kemper v. Fort,* 219 Pa., 85; 123 Am. State Rep., 623, and notes; *Barrows v. Gray,* 7 Gray, 301; *Nissen v. Cramer,* 104 N. C., 575.

The judgment of the Superior Court is
Affirmed.