This action grows out of certain proceedings before this Court which were had when plaintiff applied for license to practice law. In re License,143 N.C. p. 1.
Upon that hearing, in consequence of information received by us affecting the character of plaintiff, this Court being desirous of knowing the true facts, caused notice to be given the applicant, Hiram Baggett, and caused a citation to issue to the law firm of Grady Graham, commanding them to appear at a date fixed in said citation and inform the Court as to any facts within their knowledge concerning the moral character of said applicant. In obedience to said mandate the defendant Henry A. Grady appeared before this court and filed certain affidavits, one of which was made by himself, one by the defendant McPhail, and one by the defendant Wilson. The plaintiff, Hiram Baggett, also appeared in answer to the citation served on him, and filed affidavits in support of his character and moral standing. Certain parts *Page 271 
of the affidavits filed by the defendants are copied in the complaint, and contain the matters alleged to have been libelous. All of said affidavits were read before the Supreme Court, while the Court was considering the application of the plaintiff for a license to practice (344) law; and this is the only publication of said charges proven or testified to upon the trial, except such mention thereof as was made in the newspapers by the reporters who attended the hearing.
The plaintiff also alleges that there was a conspiracy between the several defendants to injure his character, and to prevent him from getting a license to practice law.
At the conclusion of the plaintiff's evidence, on motion of counsel for the defendants, a nonsuit was granted, and the plaintiff excepted and appealed.
The judgment of the Court must be sustained, for two reasons:
First. The affidavits were absolutely privileged, because made and used in proceeding, before a court, relevant to the inquiry, and while in the determination thereof, and the same having been called for by the court.
Second. There was no evidence whatever of a conspiracy between the several defendants to injure the name or character of the plaintiff by the use of the alleged defamatory matter set out in the complaint.
As to the question of privilege, it is well settled that what a party or witness says or does in the progress of a trial, relevant to the issue, whether actuated by malice or not, is absolutely privileged. Runge v.Franklin, 72 Tex. 585; 13 Am. St., 833; Nissen v. Cramer, 104 N.C. 574.
This Court has complete jurisdiction over the granting of licenses to practice law. The plaintiff was an applicant and the Court was considering his application.
The affidavits were filed in obedience to the mandate of the Court, and are therefore absolutely privileged. They were strictly relevant to the matter under consideration, but in this respect the privilege of a witness extends beyond that of counsel; for it is not the business of a witness to consider whether the subject under inquiry is relevant or not. This is strictly the province of counsel and of the court, and if no objection is made to a question, or, if being made, is overruled, it is the duty of a witness to assume that it is relevant and to answer it; and for his answer, when responsive to the question, he cannot be held liable in a civil suit.
Kemper v. Fort, 219 Pa., 85; 123 Am. State Rep., 623, and notes; Barrowsv. Gray, 7 Gray, 301; Nissen v. Cramer, 104 N.C. 575.
Affirmed. *Page 272 
(345)