CHARLIE MAE HARSHAW v. MARY ELIZA HARSHAW, JOHN MICHAUX HARSHAW, JACOB NEWTON HARSHAW AND WIFE, FAYE H. HARSHAW, M. R. HARSHAW AND WIFE, CHLOMA HARSHAW.

(Filed 8 October, 1941.)

**1. Libel and Slander § 7c—**

As a general rule, pleadings are privileged when pertinent and relevant to the subject under judicial inquiry, however false and malicious the defamatory statements may be.

**2. Same—When libelous matter alleged in answer is not available as defense because of estoppel by judgment, such matter is not privileged.**

Plaintiff instituted proceedings against the children of deceased by a former marriage to recover a death benefit fund due her as widow and for the allotment of a year's allowance for herself and two children. Consent judgment was therein entered that the plaintiff was entitled to a substantial part of the sums demanded, which judgment expressly recited that the parties agreed that plaintiff's children were legitimate children of deceased. Thereafter plaintiff instituted two proceedings, one for the allotment of dower and one on behalf of her children for partition of lands. Defendants filed answer in both proceedings in which they alleged that plaintiff had not been legally married to deceased and that her two children were illegitimate. *Held:* Defendants were estopped by the recitation in the prior consent judgment from again asserting the defense that plaintiff was not the lawful wife of the deceased and that her children were illegitimate, and therefore such matter was not relevant and available as a defense in the subsequent proceedings and were not privileged, and nonsuit was erroneously entered in plaintiff's later action for libel.

**3. Judgments § 30—**

A final judgment judicially determining a particular fact involved is conclusive upon the parties or their privies as to such fact in any subsequent proceeding, whether involving the same subject matter or not, when such fact is again in issue between them.

**4. Libel and Slander § 2—**

A statement inferring that an innocent woman was guilty of incontinence and that her children are illegitimate is libelous. C. S., 2432.

**5. Libel and Slander § 5—**

The filing of answers in the Superior Court constitutes a publication of defamatory statements contained therein.

WINBORNE, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Phillips, J.,* at July Term, 1941, of Mc-DOWELL. Reversed.

This was an action for libel. The plaintiff sought to recover damages for the publication of alleged libelous matter contained in the written answers filed by the defendants in certain proceedings in the Superior Court of Caldwell County, wherein it was stated that the plaintiff was the mother of two illegitimate children and had not been lawfully married to her late husband. It was alleged that the defamatory statements contained in the answers were not relevant to the issues nor available as a defense in those proceedings.

The defendants admitted that the statements set out in the complaint were contained in the answers referred to, but alleged that the matters complained of were stated in pleadings in court, and constituted pertinent and legitimate defenses to proceedings which involved the plaintiff's right to dower in the lands of J. M. Harshaw, her alleged husband, and the right of her children to share in the real estate as his heirs at law, and were therefore privileged.

Plaintiff offered evidence tending to show that she was lawfully married to J. M. Harshaw, and that her two children were born of this marriage; that after the death of her husband she and her two children instituted action in the Superior Court of McDowell County against these same defendants, who are the children of J. M. Harshaw by a former marriage, for the recovery of a death benefit fund due her as widow on the death of her husband, and also for the allotment of year's allowance for herself and her children; that this action was terminated by a consent judgment wherein she was adjudged entitled to a substantial part of the sums demanded, and wherein was considered and adjudicated in her favor her claim for year's allowance as widow of J. M. Harshaw, including allowance for her children; that in the judgment it was expressly recited that "plaintiff and defendants have agreed that the said Macon Ann Harshaw and Charles Edgar Harshaw, the infant children of the plaintiff, Charlie Mae Harshaw, are the legitimate children of said J. M. Harshaw, deceased," and it was further recited in the judgment that the action was for the purpose of having the rights of the parties relating to the plaintiff's year's support and to the death benefit fund, "including all questions as to who is the lawful wife of said J. M. Harshaw and who are his lawful children, determined and established by the judgment of the court."

Plaintiff offered the judgment in evidence and testified she would not have consented to the signing of the judgment unless it had adjudged that she was the lawful widow, and her children declared to be the legitimate children, of J. M. Harshaw.

Plaintiff offered the court records tending to show that subsequent to the rendition of the judgment referred to she instituted two proceedings in the Superior Court of Caldwell County, one for the assignment of dower, and the other on behalf of her two children for partition of lands of J. M. Harshaw in that county, and she introduced the answers filed by these defendants in both those proceedings in which were contained the defamatory matters set out in her complaint. Plaintiff was permitted to amend her pleading to conform to the proof by alleging that the defendants were estopped by the judgment in the Superior Court of McDowell County, in the suit between the same parties, wherein her marriage and the legitimacy of her children were judicially established.

At the conclusion of plaintiff's evidence, defendants' motion for judgment of nonsuit was allowed, and from judgment dismissing the action plaintiff appealed.

*Robert W. Proctor and E. P. Dameron for plaintiff, appellant.*
*Pritchett & Strickland and Mull & Patton for defendants, appellees.*

DEVIN, J. The appeal presents the single question whether the plaintiff may be permitted to maintain her action for libel when the defamatory matter complained of was contained in pleadings filed in proceedings in a court of competent jurisdiction. The defense is that pertinent statements contained in pleadings in court are absolutely privileged, and no action thereon can arise.

Undoubtedly, the general rule is that pleadings are privileged when pertinent and relevant to the subject under judicial inquiry, however false and malicious the defamatory statements may be. *Baggett v. Grady,* 154 N. C., 342, 70 S. E., 618; *Nissen v. Cramer,* 104 N. C., 574, 10 S. E., 676; 33 Am. Jur., 145. But in this case it is made to appear from the plaintiff's evidence that in a former suit between the same parties, wherein the questions of the legitimacy of her children and her lawful marriage were being litigated, these defendants solemnly agreed to a judgment containing the recital that the plaintiff was the widow of J. M. Harshaw, and that her children were his legitimate children. Thereafter, the defendants filed answers in two other proceedings in court between the same parties concerning the same or similar subject matter, and again set out the defamatory charges of incontinence on the part of the plaintiff and the illegitimacy of her children. Under these circumstances, may the defendants be permitted to interpose the defense

of absolute privilege to an action for libel for repeating charges which by solemn agreement and by judicial determination had been declared untrue? We cannot so hold. We think the defendants were estopped by the judgment, and that the defamatory matter set up in the answers was not relevant and available as a defense. The occasion in this respect was no longer one of absolute privilege. The defendants were stripped of the protection accorded statements in judicial pleadings by the former judgment to which they were parties and to which they agreed, and may not now be heard to claim privilege for the publication of defamation which it thus had been judicially established was false. *Armfield v. Moore,* 44 N. C., 157; *Crawford v. Crawford,* 214 N. C., 614, 200 S. E., 421; *Gibbs v. Higgins,* 215 N. C., 201, 1 S. E. (2d), 554. "There is no doubt that a final judgment or decree necessarily affirming the existence of any fact is conclusive upon the parties or their privies, whenever the existence of that fact is again in issue between them, not only when the subject matter is the same, but when the point comes incidentally in question in relation to a different matter, in the same or any other court." 2 Freeman on Judgments, sec. 670.

That the matter contained in the answers, of which plaintiff complains, is libelous (C. S., 2432; *Bryant v. Reedy,* 214 N. C., 748, 200 S. E., 896), and that the filing of the answers in the Superior Court of Caldwell County constituted publication, seems beyond question. *Hedgepeth v. Coleman,* 183 N. C., 309, 111 S. E., 517; *Davis v. Retail Stores,* 211 N. C., 551, 191 S. E., 33; *Flake v. News Co.,* 212 N. C., 780, 195 S. E., 55.

We conclude that the court below was in error in allowing motion for judgment of nonsuit, and that the judgment must be

Reversed.

WINBORNE, J., took no part in the consideration or decision of this case.