SUSIE MITCHELL v. THOMAS BAILEY AND G. B. BAILEY.

(Filed 8 January, 1943.)

APPEAL by plaintiff from *Grady, Emergency Judge,* at April Term, 1942, of DURHAM.  Affirmed.

*Bennett & McDonald for plaintiff, appellant.*
*M. Hugh Thompson for defendants, appellees.*

PER CURIAM.  This was an action to recover damages for libel.  The defamatory matter complained of was alleged to have been published in an answer filed in court by the defendants in another suit.  The defendants now plead privilege as a bar to plaintiff's action.  After hearing plaintiff's evidence and examining the pleadings in the other suit, judgment of nonsuit was entered in the court below, and the plaintiff appealed.

In a recent case decided by this Court, *Harshaw v. Harshaw,* 220 N. C., 145, 16 S. E. (2d), 666, it was said: "Undoubtedly, the general rule is that pleadings are privileged when pertinent and relevant to the subject under judicial inquiry, however false and malicious the defamatory statements may be.  *Baggett v. Grady,* 154 N. C., 342, 70 S. E., 618; *Nissen v. Cramer,* 104 N. C., 574, 10 S. E., 676; 33 Am. Jur., 145."

Here, the defamatory language complained of was contained in a formal pleading filed in court and was set up as a defense in response to allegations appearing in the complaint in that suit.  Hence, we conclude that the matters so pleaded were pertinent and relevant, and, therefore, under the rule, privileged.

The judgment of nonsuit will be upheld.

Affirmed.