PORTER G. WALL, SR., v. J. H. BLALOCK.

(Filed 12 December, 1956.)

**Libel and Slander § 7c—**

Where it appears from the allegations in an action for slander that the defendant, in his argument to the jury in a prior action, stated that plaintiff had "a mental condition" for the purpose of showing why plaintiff testified against his client in that case, the action for slander is properly dismissed upon demurrer, since it appears from the allegations that the defamatory words were in a judicial proceeding and were material and pertinent thereto, and therefore were absolutely privileged.

JOHNSON, J., not sitting.

APPEAL by plaintiff from *Sink, E. J.,* July, 1956 Term, SURRY Superior Court.

Civil action for slander based on words spoken to a Superior Court jury by the defendant appearing as counsel for a client then being tried for the crime of larceny. The plaintiff had testified in the case as a witness for the State. In the argument, the defendant used the following language: "This man, Porter Wall, is degraded mentally is why he is here trying to punish Mr. Beck. You know, gentlemen of the jury, what I mean, he has a mental condition." All the foregoing appears from the allegations of the complaint which also alleges the words were spoken wilfully and maliciously for the purpose of injuring and damaging the plaintiff. There is no allegation in the complaint that the statements made lacked pertinency or materiality.

The defendant demurred on the ground the statements made under the circumstances alleged were absolutely privileged. From a judgment sustaining the demurrer and dismissing the action, the plaintiff appealed.

*W. Reade Johnson, for plaintiff, appellant.*
*Folger & Folger,*
*By: Fred Folger, Jr., for defendant, appellee.*

HIGGINS, J. This Court has seldom had before it for review the question whether words spoken by an attorney in the course of a trial render him liable in an action for slander. Two views are generally held. One is, the occasion gives the attorney a privilege absolute and unqualified. The other is, the privilege is absolute, provided the statements are material and pertinent. The former is the English rule. The latter is the rule supported by the weight of authority in the United States. Am. Jur., 33, sec. 179, p. 172; C.J.S., 53, sec. 104, p. 179.

Our Court has followed the prevailing American rule. In the case of *Shelfer v. Gooding,* 47 N.C. 175, this Court said: "To make the aid (of counsel) effective, great latitude must necessarily be allowed to counsel, not only in the examination and cross-examination of the witnesses, but in commenting on their testimony and their demeanor in giving it. They must be allowed to speak freely whatever is relevant and material to the cause without the fear of being harassed with slander suits and by attempts to prove that they were actuated by malicious motives in the discharge or their duty." In the recent case of *Scott v. Veneer Co.,* 240 N.C. 73, 81 S.E. 2d 146, quoting from *Jarman v. Offutt,* 239 N.C. 468, 80 S.E. 2d 248, this Court said: "The general rule is that a defamatory statement made in due course of a judicial proceeding is absolutely privileged and will not support a civil action for defamation, even though it be made with express malice." In a subsequent paragraph of the opinion the Court recognizes the materiality and pertinency rule. The following cases are to like effect: *Mitchell v. Bailey,* 222 N.C. 757, 23 S.E. 2d 829; *Harshaw v. Harshaw,* 220 N.C. 145, 16 S.E. 2d 666; *Baggett v. Grady,* 154 N.C. 342, 70 S.E. 618; *Ramsey v. Cheek,* 109 N.C. 270, 13 S.E. 775; *Gudger v. Penland,* 108 N.C. 593, 13 S.E. 168; *Nissen v. Cramer,* 104 N.C. 574, 10 S.E. 676.

In this case materiality and pertinency of the argument appear from the allegations of the complaint. The argument, therefore, was privileged. When the allegations affirmatively disclose that the plaintiff's supposed grievance is not actionable—a statement of a defective cause of action—it may be dismissed on demurrer. *Scott v. Veneer Co., supra.*

The judgment of the Superior Court of Surry County is
Affirmed.

JOHNSON, J., not sitting.