Oliver John BUTLER, Jr., Appellant,

v.

Earle S. LILLY et al., Appellees.

No. 16617.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 29, 1976.

Rehearing Denied Feb. 26, 1976.

Oliver John Butler, Jr., pro se.

Frank J. Knapp, Stephen W. Hanks, Houston, for appellees; Butler, Binion, Rice, Cook & Knapp, Houston, of counsel.

COLEMAN, Chief Justice.

This is a suit for damages based on alleged slanderous remarks made by an attorney during an argument to a jury. The plaintiff was a witness in the case during the trial of which the alleged slanderous remarks were made. The trial court sustained an exception to the plaintiff's petition on the ground that such remarks were absolutely privileged. In view of the scope of the privilege the trial court determined that a cause of action could not be alleged and dismissed the petition. This appeal resulted.

The issue presented on this appeal is whether as a matter of law a petition which alleges the making of slanderous statements by an attorney during the course of a judicial proceeding is subject to dismissal on special exception asserting "judicial privilege" when such petition alleges that the slanderous statements and actions were irrelevant, immaterial and inapplicable to the issue involved in the judicial proceeding and were completely false and without basis or foundation in the record of the trial.

The plaintiff's petition alleged that certain slanderous statements and actions, the exact wording of the statement being alleged [1], were made by defendant Lilly during his jury argument at the close of a trial of the child custody issues involved in a divorce suit. The plaintiff, an attorney, was a witness in the proceeding but was neither a party nor an attorney for a party.

The defendant specially excepted to the petition on the ground that the defamatory statements and actions which formed the basis of this suit were made in open court during the course of a judicial proceeding and were privileged as a matter of law.

It is well settled that in determining the sufficiency of a special exception to a petition the court must assume the truth of the allegations of fact contained in such petition. *City of San Antonio v. Earnest*, 144 Tex. 83, 188 S.W.2d 775 (1945). Thus we are faced with the question of whether a false statement of fact reflecting adversely on the professional character and reputation of a lawyer made by another lawyer in the course of an argument to a jury, and not based on facts developed during the course of the trial, is privileged and under the circumstances cannot form the basis of a cause of action for damages for slander.

Section 586, American Law Institute, Restatement of Torts, reads:

1. "The witness himself testifying for Mr. Butler and the witnesses that he brought in, even Mr. Harris, never saw him at Saint Marks Church. You forgot to cover that point, too, Mr. Butler. And his own brother. Now you know what they were doing, people? Let me tell you what Mr. Butler was doing for Mr. Butler. During Oliver John's divorce; he was lending Ed Butler money so they wouldn't have it in the community, you see. $7,000 he testified to. After Oliver John got divorced, Mr. Butler paid him back the money and it wasn't part of the estate. Now, on testimony, Mr. Butler testified that he repaid, out of 47,000 some odd dollars, he repaid, I think it was 4,500 to $5,500 to Oliver John Butler. Oliver John Butler testified that he paid him back 4,000, but the notes reflected $8,500; so he gets the money out of his estate while his divorce is going on and he gets the money and the bank roll, he gets the money out of the estate when his divorce is going on. And the whole thing is a masquerade."

"An attorney at law is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of a judicial proceeding in which he participates as counsel, if it has some relation thereto."

In Comment a. under this section it is stated that the privilege is based upon a public policy of securing to attorneys as officers of the court the utmost freedom in their efforts to secure justice for their clients. The privilege is absolute, protecting the attorney from liability in an action for defamation irrespective of his purpose in publishing the defamatory matter, his belief in its truth or even his knowledge of its falsity. The comment states that these matters are of importance only in determining the amenability of the attorney to the disciplinary power of the court of which he is an officer. It further states that the conduct of the litigation includes the examination and cross-examination of witnesses, comments upon the evidence and arguments both oral and written upon the evidence, whether made to court or a jury. In Comment c. it is stated that the privilege is confined to statements made by an attorney while performing his function as such.

"Therefore it is available only when the defamatory matter has some reference to the subject matter of the pending litigation, although it need not be strictly pertinent or relevant to any issue involved therein . . .. On the other hand, the privilege does not cover the attorney's publication of defamatory matter which has no connection whatever with the litigation."

In *Wall v. Blalock*, 245 N.C. 232, 95 S.E.2d 450, 61 A.L.R.2d 1297 (1956), a civil action for slander was brought against counsel for the accused in a prosecution for larceny by one who had been a witness for the state. The court sustained a demurrer to the complaint, which action was affirmed by the Supreme Court of North Carolina.

The court stated that two views are generally held as to whether words spoken by an attorney in the course of a trial render him liable in an action for slander. "One is, the occasion gives the attorney a privilege absolute and unqualified. The other is, the privilege is absolute, provided the statements are material and pertinent. The former is the English rule. The latter is the rule supported by the weight of authority in the United States . . ." After stating that that court recognizes the materiality and pertinency rule, it held that the materiality and pertinency of the argument in the case before it appears from the allegations of the complaint, and affirmed the action of the trial court in dismissing the case on demurrer.

An annotation follows this case in 61 A.L.R.2d at page 1300. A number of cases are cited supporting the rule "that counsel addressing the jury in the conduct of a judicial proceeding, as regards statements otherwise actionable under the law of libel and slander, is privileged if what he says is, in any view of the case, material and pertinent, . . ."

In 50 Am.Jur.2d, Libel and Slander, Section 246, this statement is made:

". . . In the United States the rule supported by the weight of authority is that attorneys conducting judicial proceedings are privileged from liability for libel or slander in respect of defamatory words or writings, used in the course of such proceedings reflecting injuriously on others, that are material and pertinent to the question involved, regardless of how false, malicious, or injurious they may be. A statement is privileged if it has some relation to the proceeding in which it is uttered, and it is not material, if the words are uttered in the course of a trial, whether in form they are addressed to a witness or to the court, or form a part of the argument to the jury, or are stated in the argumentative part of the attorney's brief . . ."

Apparently the first Texas case to consider the matter was that of *Runge v. Franklin*, 72 Tex. 585, 10 S.W. 721 (1889). There the alleged libelous matter was contained in a petition filed in the District Court of Galveston County. A demurrer was sustained to the petition and the appeal resulted. After stating that it did not appear that the allegations declared on as libelous were irrelevant or impertinent or foreign to the end in view, the court stated:

"There are two classes of privileged publications,—absolutely privileged, and conditionally privileged. It is the occasion on which any publication is made that gives it privilege. Proceedings in courts of justice, legislative proceedings, and petitions and memorials to legislatures, are said to be absolutely privileged."

The court then cited certain cases which required that the defamatory material be pertinent or material to the case and then stated:

"We think the qualification made to the rule in the foregoing case and similar ones unsound. It destroys the distinction. It practically puts proceedings of courts upon the same footing as other conditional privileges . . . We believe it is and ought to be the law that proceedings in civil courts are absolutely privileged . . ."

This same privilege was extended to proceedings before the Railroad Commission of Texas in *Aransas Harbor Terminal Railway Company v. Taber*, 235 S.W. 841 (Com.App. of Tex., Sec. A, 1921, judgment adopted). There the cause of action was based on an alleged libel contained in a letter written by the defendant to the Railway Commission of Texas in answer to a complaint filed before the Commission. The court stated:

"An absolutely privileged communication is one in respect to which by reason of the occasion on which it is made no remedy can be had in a civil action . .

". . .

"That communications made in the course of a judicial proceeding are absolutely privileged is no longer a debatable question in this state. *Runge v. Franklin*, 72 Tex. 585, 10 S.W. 721 . ."

The court then held that the Railroad Commission was a quasi judicial body, exercising judicial powers at the time of the receipt of the communication complained of, and that the communication was absolutely privileged.

This same privilege was extended to communications made to the foreman of a grand jury in the case of *Hott v. Yarbrough*, 112 Tex. 179, 245 S.W. 676 (Tex. Com.App., opinion adopted, 1922). In this case the court said:

"By an unbroken line of decisions in this state any communication, oral or written, uttered or published in the due course of a judicial proceeding, is absolutely privileged, and cannot constitute the basis of a civil action in damages for slander or libel."

Following this clear statement of the privilege the court stated that in *Runge v. Franklin* it was held that defamatory matter in a pleading in a civil suit is absolutely privileged, where relevant to the issues sought to be adjudicated. It quoted from *Lindsey v. State*, 18 Tex.App. 280, as follows:

"Everything that a judge says on the bench, or a witness in the box, or counsel in arguing, is absolutely privileged, so long as it is in any way connected with the inquiry . . ."

The court then proceeded to hold that the grand jury is an arm of the court and a part of the judicial system for the administration of the criminal law and that it necessarily followed that any communication made to the grand jury in the regular performance of its duties is absolutely privileged, and cannot constitute the basis of a civil suit for damages. The court declared:

"The rule which denies a right of action for defamatory matter uttered or published upon an occasion which the law holds privileged is based upon sound principles of public policy, and not upon the assumption that the law otherwise affords redress or provides punishments which may act as deterrents."

In *Tsesmelis v. Sinton State Bank*, 53 S.W.2d 461 (Tex.Com.App., judgment adopted, 1932), the court was concerned with allegedly libelous matter contained in an affidavit for attachment. The trial court sustained exceptions to the petition alleging libel, and on refusal to amend, dismissed the action. In its opinion the Commission of Appeals stated that the averments in the affidavit for attachment were privileged and cannot be made the basis of a suit for libel. However, the opinion further stated:

"Motions and affidavits filed in a civil case before a court having jurisdiction are absolutely privileged, provided the matter contained therein is either relevant or pertinent to the issue."

The last time that the question of judicial privilege appears to have reached the Supreme Court of Texas was in the case of *Reagan v. Guardian Life Ins. Co.*, 140 Tex. 105, 166 S.W.2d 909 (1942). This was a suit for libel based upon a libelous statement allegedly circulated by the defendant by filing with the Board of Insurance Commissioners of the State of Texas. The court held that the Board of Insurance Commissioners was a quasi judicial body in certain aspects of their duty and held the communication complained of privileged. In the course of its opinion it stated:

"Before proceeding further we deem it expedient to state certain well-settled rules of law which we think are controlling of this case.

"1. An absolutely privileged communication is one for which, by reason of the occasion upon which it was made, no remedy exists in a civil action for libel or slander. Stated in another way, where

there is an absolute privilege, no action in damages for language, oral or written, will lie; and this is true even though the language is false and uttered or published with express malice (citations omitted).

"2. 'Any communication, oral or written, uttered or published in the due course of a judicial proceeding is absolutely privileged and cannot constitute the basis of a civil action in damages for slander or libel. The falsity of the statement or the malice of the utterer is immaterial, and the rule of nonliability prevails even though the statement was not relevant, pertinent and material to the issues involved in the case.' 27 Tex.Jur. 645, § 34; (other citations omitted)."

There are a number of opinions by courts of civil appeals in Texas which state the rule that defamatory words uttered in the course of a judicial proceeding to be privileged must be applicable, pertinent or relevant. *Koehler v. Dubose*, 200 S.W. 238 (Tex.Civ.App.—San Antonio, 1918, writ ref'd); *Baten v. Houston Oil Co. of Texas*, 217 S.W. 394 (Tex.Civ.App.—Beaumont, 1919, no writ history); *Frost v. De Bogory*, 291 S.W.2d 414 (Tex.Civ.App.—Dallas, 1956, no writ history).

Other courts of civil appeals have followed the broad statement of the rule found in *Reagan v. Guardian Life Ins. Co.*, supra: *Baten v. Houston Oil Co. of Texas*, 217 S.W. 394 (Tex.Civ.App.—Beaumont, 1919, no writ); *Connellee v. Blanton*, 163 S.W. 404 (Tex.Civ.App.—Fort Worth, 1914, writ ref'd); *Kruegel v. Cockrell & Gray*, 151 S.W. 352 (Tex.Civ.App.—Dallas, 1912, writ ref'd); *McAfee v. Feller*, 452 S.W.2d 56 (Tex.Civ.App.—Houston [14th], 1970, no writ hist.); *Bloom v. A. H. Robbins Co.*, 479 S.W.2d 780 (Tex.Civ.App.—Waco, 1972, writ dism'd, cert. den., 410 U.S. 983, 93 S.Ct. 1504, 36 L.Ed.2d 179); *Duncantell v. Universal Life Ins. Co.*, 446 S.W.2d 934 (Tex. Civ.App.—Houston [14th], 1969, writ ref'd n. r. e.).

The appellant contends that the cases decided by the Supreme Court of Texas,

which enunciate the broad rule of unqualified privilege for statements made in judicial proceedings did not present the issue of pertinency and relevancy and that the language relating to such issue was dicta. Appellant asserts that we should follow the American rule and require that the libelous statements be pertinent and relevant to the issues in the case before the court before holding them privileged. We consider that the statement made by the Supreme Court of Texas of the scope of the judicial privilege in *Runge v. Franklin*, supra, was made after careful consideration and was the deliberate adoption of a rule of law for the guidance of the trial courts of Texas. The rule of law thus adopted has not been questioned in any opinion since written by the Supreme Court of Texas, and it has been restated in substantially the same verbiage in the opinions of that court. In such instance, if the rule is not absolutely binding on this court, it is at least most persuasive.

The plaintiff's petition shows on its face that the alleged slanderous words had "some relation" to the proceeding. The facts stated by the attorney in his argument had "some relation" to the credibility of the witness and the weight to be given his testimony, matters with which the jury would be concerned in reaching their verdict. The fact that the statement made by counsel in his closing argument was not true and was not based on evidence in the record, which we must assume to be the case, would not defeat the judicial privilege.

The judgment is affirmed.