Charles O. THORNTON, Appellant,

v.

RIO GRANDE NATIONAL LIFE INSURANCE COMPANY et al., Appellees.

No. 4119.

Court of Civil Appeals of Texas.

Waco.

May 2, 1963.

Rehearing Denied May 23, 1963.

Homer L. Cox, Houston, for appellant.

Thompson, Knight, Wright & Simmons, Frank Finn, Jr., Dallas, Steeger, Dohoney, Jones & Caldwell, Franklin C. Jones, Jr.,

Houston, George R. Alexander, Jr., Dallas, for appellees.

McDONALD, Chief Justice.

Plaintiff Thornton worked for defendant Rio Grande Insurance Company for some 5 years, first as an office manager and later as an agent. Defendants Johnson, Gayle, Kavanaugh and Lee are employees of defendant Rio Grande Insurance Co. On June 9, 1960, plaintiff voluntarily quit his job as agent. Plaintiff alleged that at the time of quitting, he gave defendant Johnson (office manager of Rio Grande) all of the moneys he had collected, and a final "tabulation summary" of moneys collected; that defendant Johnson discarded and destroyed such tabulation summary; that defendants Johnson and Gayle made an office audit of plaintiff's accounts with the Company, which showed a shortage in moneys turned in by plaintiff; that defendant Kavanaugh made a "field audit" of plaintiff's accounts with the Company, which likewise showed a shortage; that defendant Lee made an affidavit that she had reviewed the records of plaintiff's shortage, and that same were true and correct. Plaintiff alleges that defendants Johnson and Gayle "knew" he was not short when they prepared the audit reflecting shortage; and that defendants Johnson, Gayle, Kavanaugh and Lee notified defendant Rio Grande that a shortage existed in plaintiff's accounts; that defendant Rio Grande notified the State Insurance Commission; that the State Insurance Commission cancelled his license to sell insurance.

Plaintiff further alleges that defendants Johnson and Gayle were negligent in destroying his final tabulation sheet and in not notifying him of its destruction; that defendants Johnson, Gayle, Kavanaugh and Lee breached a duty to him to notify him of the alleged shortages before advising the Company, and were guilty of negligence in not notifying him of the alleged shortages in his accounts, before report-ing same to Rio Grande; and that Rio Grande breached a duty to him in not notifying him of the alleged shortages, and was guilty of negligence in not notifying him of same before reporting the matter to the State Insurance Commission. Plaintiff alleges that all of such negligence was a proximate cause of his injuries and damages in the amount of $180,000. Plaintiff alleges that defendants' actions were willful and malicious and grossly negligent, and prays for $100,000 exemplary damages.

Plaintiff further alleged that defendant, Rio Grande, owed him $230 for vacation pay and $500 from his Permanent Reserve Fund on deposit with the Company.

Plaintiff introduced evidence that he was not short in his accounts; that defendants Johnson, Gayle, Kavanaugh and Lee participated in preparation of audits and reports, which they forwarded to defendant Rio Grande, which reflected a shortage in his accounts; that defendant Rio Grande notified the State Insurance Commission that plaintiff was short in his accounts; and the Commission cancelled his license to sell insurance; and that he has been financially damaged by loss of such license.

Trial was to a jury, but at the close of plaintiff's evidence, the Trial Judge granted defendants' motion for instructed verdict, and entered judgment that plaintiff take nothing.

Plaintiff appeals, contending that the Trial Court erred in granting motion for instructed verdict, and in not submitting fact issues to the jury.

■ There is no question, and plaintiff concedes that defendant Rio Grande had the duty to render a report to the Insurance Commissioner. (Sec. 11, Art. 21.07–1 Insurance Code, V.A.T.S.). Such reports are privileged communications and cannot be made the basis for a suit for libel, without regard to the truth or falsity of the communications. The act of the Insurance Company filing such instrument with the Insurance Commission is an act for

**952**

which the law provides no redress in damage for the plaintiff. Aransas Harbor Terminal Ry. Co. v. Taber, (Tex.Com.App.) 235 S.W. 841; Reagan v. Guardian Life Ins. Co., Sup.Ct., 140 Tex. 105, 166 S.W. 2d 909.

■ Plaintiff contends that his pleadings and evidence raise a question as to whether defendant's employees had the duty to tell him they had discovered an apparent shortage, and give him the opportunity to straighten the matter out, before reporting the matter forward to the Company; and that the Company had the same duty to him, before reporting the matter to the Insurance Commission; that failure to do this constituted negligence and a proximate cause of his damages. There is no showing that the defendants owed plaintiff the duty he contends, and we hold that the defendants owed plaintiff no such duty. Plaintiff alleged that defendants Johnson and Gayle "knew" he was not short when they reported the "shortage" to the Company. There is no evidence to this effect. Neither is there any evidence that any of the defendants acted with wilfulness or with malice.

■ Plaintiff contends that defendants acted in a "negligent manner" in determining an alleged shortage in his accounts, and in reporting same to the Company, and to the Insurance Commission. There is no evidence in support of this contention, except plaintiff's own testimony that he was not short; and this cannot constitute evidence of a "negligent" determination of shortage on the part of defendants.

■ On plaintiff's claim for $230 vacation pay and $500 in his Permanent Reserve Fund, we think a factual issue has been made, and that the Trial Court instruction that plaintiff take nothing as regards this portion of the cause is erroneous.

The judgment appealed from is affirmed as to all of plaintiff's cause of action, except that portion for $230 and $500 against

the defendant Rio Grande, which portion is reversed and remanded.

Costs are adjudged one-half against plaintiff and one-half against defendant, Rio Grande.

Affirmed in part. Reversed and remanded in part.