Jerry I. **BLOOM**, Appellant,

v.

**A. H. ROBINS COMPANY, Inc., and Holloway Associates, Inc.,** Appellees.

No. 5125.

Court of Civil Appeals of Texas,
Waco.

April 6, 1972.

Rehearing Denied May 11, 1972.

Wynne, Jaffe & Tinsley, Morris I. Jaffe, Erich F. Klein, Jr., Lyne, Klein & French, Dallas, for appellant.

James A. Williams, C. Edward Fowler, Jr., Dallas, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Bloom from a take nothing judgment, in a suit against defendants Robins and Holloway, for conspiring to have his pharmacists license suspended, interfering with his practice of his profession, and damaging his professional reputation.

Plaintiff Bloom sued defendants Robins, a pharmaceutical manufacturing company, and Holloway, a detective agency, alleging: he had been a respected pharmacist employed by Dorchester House Pharmacy in Dallas; that his professional integrity had never been questioned; that Robins manufactures a number of drugs including "elixir donnatal"; that it sometimes investigates pharmacies handling donnatal to insure donnatal is being dispensed when prescribed, and no other drug is being substituted for it. In December 1962, Robins arranged to have two prescriptions for donnatal filled by plaintiff at Dorchester House, using an employee of Holloway as "shopper". Plaintiff filled the prescription from a bottle labeled "donnatal". Holloway mailed the filled prescriptions to Robins who analyzed the contents of the liquid

sent, and reported to the Texas State Board of Pharmacy that it did not contain donnatal, and that plaintiff had committed acts of "substitution". The Board instituted proceedings against plaintiff and suspended his pharmacy license in April 1963. Plaintiff appealed such decision to the courts, and the Supreme Court of Texas resolved the matter in plaintiff's favor and permanently enjoined the Board from suspending plaintiff's license. Plaintiff asserted the charge of "substitution" against him was false, made with malice, and sought $15,000. actual and $50,000. exemplary damages against defendants.

Trial was to a jury which found:

1) Suspension of plaintiff's license to practice pharmacy was proximately caused by Robins collection and presentation of charges and evidence to the State Board of Pharmacy.

2) The charges and evidence were true.

3) Plaintiff did not know at the time he filled the prescriptions that the bottle he filled the prescriptions from did not contain donnatal.

5) Defendant Robins was actuated by malice in the collection and presentation of charges and evidence to the State Board of Pharmacy.

6) Defendant Holloway was not actuated by malice.

7) Plaintiff was damaged $14,670.34.

8) Plaintiff should be awarded $15,000. exemplary damages.

Plaintiff moved for judgment requesting the trial court disregard issue 2, and render judgment for him; defendants moved for judgment, asserting as a matter of law they were entitled to judgment. The trial court sustained defendant's motions, and rendered judgment plaintiff take nothing.

Plaintiff appeals on 4 points contending:

1) The trial court erred in overruling plaintiff's motion for judgment in that plaintiff was entitled to judgment on the basis of issues 1, 3, 5, 7, and 8.

2) The trial court erred in refusing to disregard issue 2, and render judgment for plaintiff.

Plaintiff is a pharmacist employed by Dorchester House Pharmacy. Defendant Robins manufactures donnatal, and employed Holloway to present two prescriptions to Dorchester Pharmacy. Plaintiff filled the prescriptions from a bottle labeled "donnatal", which he believed contained donnatal. Robins analyzed the filled prescriptions, found they did not contain donnatal, and reported to the State Pharmacy Board plaintiff had committed acts of "substitution". The Board suspended plaintiff's license as a pharmacist. Plaintiff appealed to the court which permanently enjoined the Board from suspending his license.[1]

■ Robins had a right to investigate the practice of a pharmacy to determine if it was dispensing donnatal when prescribed by a physician. See: Harang v. Aetna Life Ins. Co., Tex.Civ.App., NRE. 400 S. W.2d 810.

■ And any communication, oral or written, made in the course of a judicial proceeding is absolutely privileged; such rule applies to proceedings before boards and commissions which exercise quasi-judicial powers; and where there is an absolute privilege, no action in damages will lie for such communication even though same be false and uttered or published with malice. Reagan v. Guardian Life Ins. Co., 140 Tex. 105, 166 S.W.2d 909; Aransas Harbor Terminal Ry. Co. v. Taber, Tex.Com. App., 235 S.W. 841; Thornton v. Rio

1. Bloom v. Texas State Board of Pharmacy, Tex., 390 S.W.2d 252, held under the statute authorizing suspension of a pharmacists license upon a finding the licensee had engaged in an act of "substitution"

in dispensing drugs, that *scienter* or *knowledge* of the substitution by the pharmacist is essential to the right of the Board to suspend his license which Bloom did not have.

Grande Nat. Life Ins. Co., Tex.Civ.App., NRE. 367 S.W.2d 950.

Robins had a right and privilege to make a complaint, based upon its findings, to the State Board of Pharmacy, and to communicate with the Board upon the matters involved. In doing so Robins followed legally designated procedures through the proper authorities, and its actions are absolutely privileged, and provide no basis for redress in damages.

The judgment is correct. Plaintiff's points and contentions are overruled.