Raymond J. KRENEK et ux, Appellants,

v.

Albert C. ABEL, D/B/A Abel Air Conditioning, Appellee.

No. 6053.

Court of Civil Appeals of Texas, Waco.

Feb. 7, 1980.

Russell T. Van Keuren, Houston, for appellants.

John Hagerman, Hagerman & Seureau, Houston, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant-plaintiff from summary judgment she take nothing in a suit for libel against defendant.

Plaintiffs filed this suit seeking damages based upon allegedly libelous statements made maliciously against plaintiff Helen Krenek, to the Texas Employment Commission, in which defendant stated to the Employment Commission that plaintiff Krenek was discharged from her employment with defendant because she had "misappropriated funds" belonging to defendant while in his employ.

Plaintiff had worked for defendant as an apartment house manager. Defendant terminated her employment. She filed for unemployment compensation with the Texas Employment Commission. The Commission investigated the claim, sought information of defendant as to why plaintiff's employment was terminated, and defendant on the Commission's form stated that she was terminated because she had misappropriated funds. Plaintiff was turned down for unemployment benefits, and she thereafter filed this libel suit against defendant. Defendant moved for partial summary judgment on the ground that statements attributed to him to the Employment Commission were privileged based on Article 5221b–9(h) VATS.

The trial court granted partial summary judgment plaintiff take nothing.

Thereafter plaintiff by amended pleading alleged that defendant, after terminating her employment, additionally libeled and slandered her by causing a "Vacate Notice" to be filed and served on her, which stated "Owner wants possession of property; disorderly conduct". This amended pleading was filed on April 19, 1978.

Defendant moved for partial summary judgment that plaintiff take nothing in suit for the additional libel alleged in the amended pleading on the ground it was barred by the one year statute of limitations as a matter of law. The trial court granted summary judgment plaintiff take nothing on the additionally plead libel; and thereafter rendered final judgment consolidating the two previous partial summary judgments; and decreed plaintiff take nothing as to both alleged causes of action.

Appellants-plaintiffs Krenek appeal on 2 points.

**■** Point 1 asserts the trial court erred in granting a summary judgment on the basis of Article 5221b–9(h) where the libelous statements made to the Texas Employment Commission were made with malice.

Article 5221b–9(h) provides " * * * No statement whether oral or in writing made to the Commission or its employees in connection with the discharge of their duties under this Act shall ever be made the basis for an action for defamation of character".

Plaintiff had been employed by defendant. Her employment was terminated and she applied for unemployment benefits. The Commission investigated her claim and defendant advised the Commission on the Commission's form that her employment was terminated because she had misappropriated funds.

We hold that defendant's statements to the Employment Commission were absolutely privileged under Article 5221b–9(h) above.

**■** An absolutely privileged communication is one for which, by reason of the occasion upon which it was made, no remedy exists in a civil action for libel or slander. Stated another way, where there is an absolute privilege, no action in damages, for language oral or written, will lie; and this

is true even though the language is false and uttered or published with express malice. *Reagan v. Guardian Life Ins. Co.*, S.Ct., 140 Tex. 105, 166 S.W.2d 909.

 Moreover, any communication, oral or written, uttered or published in the due course of a judicial proceeding is absolutely privileged and cannot constitute the basis of a civil action in damages for slander or libel. The falsity of the statement or the malice of the utterer is immaterial, and the rule of nonliability prevails even though the statement was not relevant, pertinent and material to the issues involved in the case.

And the rule that communications uttered or published in the course of a judicial proceeding are absolutely privileged, applies to proceedings before executive officers, and boards and commissions which exercise quasi-judicial powers such as the Texas Employment Commission in its determination of eligibility of benefits for plaintiff. *Reagan v. Guardian Life Ins. Co.*, supra; *Aransas Harbor Terminal Ry. Co. v. Taber, Comm. Appls.* (Opinion adopted Com.App.), 235 S.W. 841; *McAfee v. Feller*, Tex.Civ.App. (Houston 14) NWH, 452 S.W.2d 56; *Thornton v. Rio Grande Nat. Life Ins. Co.*, Tex.Civ.App. (Waco) NRE, 367 S.W.2d 950.

Point 2 asserts the trial court erred in holding that the amendment to plaintiffs' petition which included other libelous statements was barred by limitation.

Plaintiffs amended their petition to additionally allege that plaintiffs, who were living in defendant's apartment, were served with a "Vacate Notice" which stated "Owner wants possession of property; disorderly conduct" and that such statement and publication constituted an additional libel. Such amended petition was filed on April 19, 1978.

Article 5524 VATS provides that actions for libel and slander shall be commenced and prosecuted within one year after the cause of action shall have accrued. The summary judgment record is that such asserted additional libel, the "Vacate Notice" which alleged plaintiff was guilty of "disorderly conduct", was filed and served on April 30, 1976.

Thus the additionally asserted cause of action for libel was barred by the one year statute of limitations.

Appellants' (plaintiffs') points are overruled.

AFFIRMED.