MARY P. FOWLE v. DR. WILLIS H. FOWLE, III, DR. E. D. SHACKLEFORD AND DR. THORNTON H. CLEEK.

(Filed 22 November, 1961.)

**Physicians and Surgeons; Libel and Slander § 9; Insane Persons § 1—**
  Allegations that defendant physicians did not examine plaintiff but nevertheless filed affidavits pursuant to G.S. 122-42 stating that they had carefully examined plaintiff and believed her to be a fit subject for admission in a hospital for the mentally disordered *is held* not to state a cause of action for wilful negligence but for libel, and the cause of action for libel is properly dismissed, the statements being absolutely privileged.

APPEAL by plaintiff from *Gwyn, J.,* 10 April 1961 Civil Term of RANDOLPH.

Civil action to recover damages for the detention of plaintiff for 24 days in a state hospital for mentally disordered persons arising out of a judicial proceeding under Article 3, Chapter 122, General Statutes of North Carolina, heard on a joint written demurrer filed by defendants Dr. E. D. Shackleford and Dr. Thornton H. Cleek.

This demurrer was sustained, and plaintiff appeals.

*Ottway Burton and Linwood T. Peoples for plaintiff, appellant.*
*Jordan, Wright, Henson & Nichols By: Charles E. Nichols for Dr. E. D. Shackleford and Dr. Thornton H. Cleek, defendants, appellees.*

PER CURIAM. These are the essential allegations of plaintiff's complaint, so far as this appeal is concerned:

On 28 January 1960 the defendant Dr. Willis H. Fowle, III maliciously and wrongfully instituted proceedings before the clerk of the superior court of Randolph County under the provisions of G.S. Ch. 122, Art. 3, to have plaintiff, his wife, committed to a state hospital for the mentally disordered. The clerk acting under the provisions of G.S. Ch. 122, Art. 3, directed Dr. E. D. Shackleford and Dr. Thornton H. Cleek, who are practicing medical doctors in Asheboro, Randolph County, to examine plaintiff to see if a state of mental disorder exists. Dr. Shackleford and Dr. Cleek did not examine plaintiff, but signed false affidavits to the effect that they had carefully examined plaintiff, and believed her to be suffering from a mental disease and to be a fit subject for admission in a hospital for the mentally disordered. As a result of the wilful, wrongful and concurrent acts of all the defendants the clerk of the superior court of Randolph County on 28 January 1960 committed plaintiff to Umstead State Hospital for the Insane. Plaintiff was not mentally disordered, nor in need of medical treatment. After her confinement in Umstead State Hospital for the Insane for 24 days, she was released therefrom in a habeas corpus proceeding by Judge Hamilton H. Hobgood, who found as a fact that she was being improperly restrained of her liberty. As a result of her unlawful restraint she is entitled to recover from all the defendants actual and punitive damages.

The joint written demurrer of Dr. E. D. Shackleford and Dr. Thornton H. Cleek alleges that the complaint does not state facts sufficient to constitute a cause of action against them, and specifies their ground of objection.

Plaintiff contends in her brief that she has alleged a case of wilful negligence against Drs. Shackleford and Cleek. With that contention we do not agree. The nature of plaintiff's allegations and charges against Dr. Shackleford and Dr. Cleek is that of libel consisting of false statements in their affidavits. Such statements by these two physicians in the due course of a judicial proceeding, which were material to the inquiry, are absolutely privileged, and cannot be made the basis of an action for libel, even though given with express malice and knowledge of their falsity. The judgment below sustaining the demurrer filed by Dr. E. D. Shackleford and Dr. Thornton H. Cleek is affirmed upon the authority of *Bailey v. McGill*, 247 N.C. 286, 100 S.E. 2d 860, and *Jarman v. Offutt*, 239 N.C. 468, 80 S.E. 2d 248, which are directly in point and controlling.

Affirmed.