John V. HOLMES and Hydramotive Manufacturing Corporation, Appellants,

v.

Jay EDDY, Harris, Upham & Company, John Doe, Martin V. Miller, Thomas W. Rae, M. David Hyman, Walter C. Johnson, William Lucius Cary, and United States Securities and Exchange Commission, Appellees.

John V. HOLMES, Durward E. Willis, Solo Tire Company, Hydramotive Corporation, Hydramotive Manufacturing Corporation, Hydramotive Engineering Corporation et al., Appellants,

v.

UNITED STATES of America, United States Securities and Exchange Commission, William Lucius Cary, Manuel F. Cohen, Thomas W. Rae, Martin V. Miller et al., Appellees.

Nos. 9511, 9543.

United States Court of Appeals Fourth Circuit.

Argued Oct. 8, 1964.

Decided Jan. 18, 1965.

478

John V. Holmes, appellant pro se. No. 9511:

John A. Dudley, Atty., Securities and Exchange Commission (Philip A. Loomis, Jr., Gen. Counsel, Walter P. North, Assoc. Gen. Counsel, and Martin D. Newman, Atty., Securities and Exchange Commission, on brief), for appellee Securities and Exchange Commission.

Henry James, Jr., Charlotte, N. C. (William R. Cooper, Charlotte, N. C., on brief), for appellees Jay Eddy and Harris, Upham & Co. No. 9543:

John A. Dudley, Special Counsel, Securities and Exchange Commission (Philip A. Loomis, Jr., Gen. Counsel, Walter P. North, Assoc. Gen. Counsel, and Martin D. Newman, Atty., Securities and Exchange Commission, and William Medford, U. S. Atty., on brief), for appellee Securities and Exchange Commission.

Before SOBELOFF, Chief Judge, BRYAN, Circuit Judge, and GORDON, District Judge.

PER CURIAM.

As both of these cases, i. e. Nos. 9511 and 9543, arose from substantially the same facts, and were argued at the same time before the Court, the cases are consolidated for decision by the Court.

The plaintiffs named in both of the subject actions were engaged either directly or indirectly in the development of an automobile and tire. In order to promote their endeavors, the plaintiff sought to market stock. The Securities and Exchange Commission (hereinafter referred to as S.E.C. or Commission) in September, 1961, authorized its staff to conduct an investigation to determine whether the plaintiffs herein and others were violating the registration and anti-fraud provisions of the Federal Securities laws in the sale of the stock. During the course of this investigation, Jay Eddy, a stock broker in the employ of Harris, Upham & Company, voluntarily informed the Commission that he had received a letter from Hydramotive Corporation through the mails and that he felt the Company's venture might "bilk the public." Specifically, in this respect, Jay Eddy mailed to the S.E.C. the letter received by him from Hydramotive Corporation and prior to mailing the letter wrote thereon the following: "This company looks like an attempt to bilk the public via the securities market—it has a smell similar to all such."

The Commission requested the defendant Eddy to execute an affidavit as evidence that the alleged misleading letter or literature was being sent through the mails in connection with the sale of stock. The S.E.C. thereafter on December 12, 1961, brought a suit in the United States District Court for the Western District of Oklahoma under Section 20(b) of the Securities Act of 1933, as amended, 15 U.S.C. § 77t(b), and Section 21(e) of the Securities Exchange Act of 1934, against among others, John V. Holmes, Hydramotive Manufacturing Corporation, Hydramotive Corporation and Durward E. Willis, being four of the plaintiffs named in the suits in this appeal, to enjoin defendants from future sales of unregistered stock and the use of false and misleading sales literature. The letter and affidavit from Jay Eddy, which had been kept confidential prior to the Oklahoma action, were introduced as evidence in the Oklahoma action. The United States District Court for the Western District of Oklahoma granted the relief requested by the S.E.C. and held that there had been a violation of the Federal Securities law, and accordingly, enjoined the sale of the stock. This case is now on appeal and reported at CCH Fed.Sec.L.Rep. Section 91,354 (W.D.Okla.).

After the institution of the Oklahoma action, the plaintiffs instituted the suits which are the subject of this appeal in the United States District Court for the Western District of North Carolina.

In one of the subject actions (No. 9511), plaintiffs, Hydramotive Manufacturing Corporation and John V. Holmes, in their complaint filed April 2, 1963, named as defendants the United States Securities and Exchange Commission; William Lucius Cary, Chairman of the

Commission; Martin V. Miller, Thomas W. Rae, M. David Hyman, Attorneys employed by the Commission; Walter C. Johnson, Investigator with the Commission; John Doe, an unknown official of the Commission; Harris, Upham & Co., a securities broker-dealer and Jay Eddy, an employee of Harris, Upham & Co. The complaint seeks (1) injunctive relief permanently restraining the individual defendants from "Further circulation of harmful untruth," (2) $20,000.00 in damages to plaintiff Holmes and (3) $500,000.00 in damages to the plaintiff Hydramotive Manufacturing Corporation. In essence, the allegations of the complaint allege that the defendants have conspired to circulate and have circulated publicly untruths about the plaintiff which constitute an "attractive public nuisance" with consequent damage to the plaintiffs. The District Court upon motion of the defendants granted summary judgment for the defendants.

In the other action (No. 9543), plaintiffs, John V. Holmes, Durward E. Willis, Hydramotive Manufacturing Corporation, Hydramotive Corporation and other corporations of which Holmes or Willis are officers, in their complaint filed May 24, 1963, named as defendants the United States of America; the United States Securities and Exchange Commission; William Lucius Cary, Chairman of the Commission; Manuel F. Cohen, a member of the Commission; Philip Loomis, Jr., General Counsel of the Commission; Irving M. Pollack, Associate Director of the Commission; William M. Green, Regional Administrator of the Commission; J. Cecil Penland, Assistant Administrator of the Commission; Thomas W. Rae, Martin V. Miller, David Bliss, M. David Hyman, John Kelly, Attorneys for the Commission; and Walter Johnson, Investigator for the Commission. The complaint seeks (1) injunctive relief permanently restraining the Securities and Exchange Commission and the individual defendants from unlawfully

(a) exceeding their authority,

(b) committing irregularities,

(c) interfering with plaintiff's business,

(d) disclosing confidential information obtained during the investigation of plaintiffs by the Securities and Exchange Commission,

and (2) damages of $22,750,000.00 from the United States of America by reason of wrongful acts of the agents, servants and employees of the Securities and Exchange Commission. The allegations of the complaint in effect state that the defendants, by and through the named individual defendants, unlawfully disclosed and divulged confidential information that was obtained during an investigation by the Securities and Exchange Commission of the plaintiffs' business and securities practices. The District Court, on motion of the defendants, granted summary judgment for the defendants in this action also.

First, with reference to No. 9511, the plaintiffs in paragraphs 5 and 13 of their complaint allege that the acts of which the plaintiffs complain were committed by the Chairman of the S.E.C. and its employees, who are named defendants, "within the scope of their employment." A careful study of the entire record on appeal reveals nothing that was done by the defendants, except Jay Eddy and Harris, Upham & Company, other than acts wholly within the scope and course of carrying out their official duties as authorized by 15 U.S.C. § 77t and 78u in carrying out the investigation of plaintiffs' business. The allegations of plaintiffs' complaint, together with other pertinent portions of the record, bring the plaintiffs' action clearly within the established principle of law that "public officers when acting within the scope of their official authority are immune from suits for damages." Jones v. Kennedy, 73 App.D.C. 292, 121 F.2d 40, 42, cert. den. 314 U.S. 665, 62 S.Ct. 130, 86 L.Ed. 532 (1941); Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); Gregoire v. Biddle, 2 Cir., 177 F.2d 579, cert. den. 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950); Cooper v.

O'Connor, 69 App.D.C. 100, 99 F.2d 135, 118 A.L.R. 1440, cert. den. 305 U.S. 643, 59 S.Ct 146, 83 L.Ed. 414 (1938); Ove Gustavsson Contracting Co. v. Floete, 2 Cir., 299 F.2d 655, cert. den. 374 U.S. 827, 83 S.Ct. 1862, 10 L.Ed.2d 1050 (1962).

In Jones v. Kennedy, supra, the plaintiff instituted a suit against members of the Securities and Exchange Commission and several of its employees. As in the subject suits, the precise nature of the claims was not set out clearly by the plaintiff but suggest slander, libel, malicious prosecution and interference with the business relationship of the plaintiff by carrying out investigations, issuing press releases, forwarding information to authorities, etc. The Court, in affirming a decision dismissing the complaint, held that since the acts came within the authorized duties of the defendants the complaint failed to state a claim upon which relief could be granted.

■■ With reference to the Securities and Exchange Commission as a party defendant, Section 4 of the Securities Exchange Act, 15 U.S.C. § 78d, establishes the Commission as an agency of the United States, and as such government agency, the Commission may be sued only in such manner as Congress authorizes. The complaint of the plaintiffs asks for injunctive relief as to the individual defendants only and damages as against all of the defendants, including the S.E.C. As distinguished from having its orders reviewed by the courts, Congress has not consented that the Commission be sued. The plaintiffs assert specific reliance upon the Federal Tort Claims Act to secure money damages against the S.E.C., but it is specifically provided by § 2679 of Title 28 of the United States Code that a federal agency is not to be sued thereunder, and in fact the provisions of 28 U.S.C. § 2680(a)(h) except the United States from liability under the Federal Tort Claims Act in an action of the type here presented. The S.E.C. cannot be sued eo nomine.

■ As to the defendant Eddy and/or Harris, Upham & Co., it is clear that the only acts committed by the defendant Eddy in connection with the entire transaction was to mail the letter received from Hydramotive Corporation, with the notations made by him thereon, to the Securities and Exchange Commission, and execute an affidavit to the effect that he received the letter for use by the S.E.C. as evidence in the Oklahoma action. It is not apparent that such action on the part of the defendant Eddy could amount to a defamation of the plaintiffs, in that he, the defendant Eddy as alleged in the complaint, conspired to circulate harmful falsehoods and/or created an attractive public nuisance and/or circulated harmful falsehoods, especially in view of the fact that the letter to the Commission, a federal agency under a statutory duty to protect the public from frauds through stock issues, was treated as confidential and disclosed to no one outside the Commission until the letter along with an affidavit by the defendant Eddy, were filed as evidence in the Oklahoma action. The said affidavit was furnished by request of the S.E.C.

Such being the undisputed facts, the District Court acted properly in allowing the motion of the defendant Eddy and his employer, Harris, Upham & Co., for summary judgment, inasmuch as no genuine issue of fact existed, but in addition thereto the acts of the defendant Eddy were privileged, his statements having been made public only upon the institution of the Oklahoma action and being relevant to the issue before the Oklahoma Court. As stated in the Borg v. Boas, 9 Cir., 231 F.2d 788 (1956):

"[T]he information given to a prosecutor by a private person for the purpose of initiating a prosecution is protected by the same cloak of immunity and cannot be used as a basis for an action for defamation."

Also see Newell on Slander and Libel (2d Edition) 424, at paragraph 27 where it is stated:

"The same doctrine is generally held in the American Courts, with the qualification as to parties, coun-

sel and witnesses, that their statements made in the course of an action be pertinent and material."

For other cases dealing with the principle of immunity in judicial proceedings, see: Jarman v. Offutt, 239 N.C. 468, 80 S.E.2d 248 (1954); Fowle v. Fowle, 255 N.C. 720, 122 S.E.2d 722 (1961); Godette v. Gaskill, 151 N.C. 52, 65 S.E. 612, 24 L.R.A.,N.S., 265 (1909); Bailey v. McGill, 247 N.C. 286, 100 S.E.2d 860 (1957); Baggett v. Grady, 154 N.C. 342, 70 S.E. 618 (1911); Wall v. Blalock, 245 N.C. 232, 95 S.E.2d 450, 61 A.L.R.2d 1297 (1956); Ramsey v. Cheek, 109 N.C. 270, 13 S.E. 775 (1891), annot. 54 A.L.R. 2d 1298, 1302, 1305; King v. Hildebrandt, 216 F.Supp. 814 (S.D.N.Y.1963); Sacks v. Stecker, 2 Cir., 60 F.2d 73 (1932); Keeley v. Great Northern Ry. Co., 156 Wis. 181, 145 N.W. 664, L.R.A. 1915C, 986 (1914); Tsesmelis v. Sinston State Bank, 53 S.W.2d 461, 85 A.L.R. 319 (Tex.Com.App.1932); Hager v. Major, 353 Mo. 1166, 186 S.W.2d 564, 158 A.L.R. 584 (1945).

In case No. 9543, the plaintiffs named include John V. Holmes and Hydramotive Corporation, both of which were plaintiffs in case 9511. The defendants in case No. 9543 are the United States of America, United States Securities and Exchange Commission, two of the Commission members and several agents and representatives of the Commission. Therefore, deleting Jay Eddy and Harris, Upham & Co. as parties defendant and adding the United States of America and five additional individual defendants representing the S.E.C., the defendants are the same in case No. 9543 as in case No. 9511. The allegations of the complaint in case No. 9543 are to the effect that the S.E.C. through its agents and employees, since approximately September, 1961, have unlawfully interfered with and disparaged the plaintiffs' business by disclosing confidential information secured in the process of investigation. Specifically the plaintiffs contend that agents of the S.E.C. during the investigation secured from the plaintiffs design drawings of an automobile and tire which the plaintiffs were in process of developing and promoting, and that the drawings were shown to competitors and others with adverse interest to the plaintiffs. The record reflects that the drawings were secured with reference to the institution of the Oklahoma proceedings by the S.E.C.; that the drawings were, without objection on the part of plaintiffs, delivered to the S.E.C. in the course of discovery proceedings in the Oklahoma action; that the drawings were introduced as evidence in the Oklahoma action and no objection made to the introduction thereof and no request made for confidential treatment at the time.

The same principles of law relating to immunity of the defendants in case No. 9543 govern as in case No. 9511 and hence need no reiteration. The discernible claim of the plaintiffs in case No. 9543 is that the Commission, its members and employees, in violation of the rules of the Commission damaged plaintiffs by making public information gathered by the Commission and its employees in the course of investigating the plaintiffs' practices and activities in the marketing of stock.

From the complaints in the subject actions, affidavits on the part of the respective parties presented for consideration by the Court in ruling on the respective motions and argument presented, the District Court properly concluded that the drawings complained of were shown only to Commission personnel and a restricted group of engineers, not in fact adverse to the plaintiffs' interest, and who by training were qualified to give an expert opinion with regard to the drawings for use in the Oklahoma action; that the drawings are now a matter of public record in the Oklahoma proceeding; that the investigating of the plaintiffs by the S.E.C. and its agents was carried out in accordance with statutory authority, and the acts of the defendants of which the plaintiffs complain consisted wholly of acts done within the scope and course of carrying out official duties in investigating the plaintiffs' business practices and activities.

Analysis and review of the record of the District Court demonstrates that the appeal in each of the cases is without merit, and accordingly the judgment by the District Court is affirmed.

Affirmed.