Edward S. Conway, J.
This is a. motion by the defendant Jack Massaro for an order dismissing the fourth cause of action in plaintiffs’ complaint pursuant to CPLR 3211 (subd. [a], par. 7) on the ground that it fails to state a cause of action against him.
The plaintiffs had contracted to buy a home constructed by defendant J. Ronald Eastland on a lot owned by defendant Roy L. Featherstone. On April 13, 1972, the Farmers’ Home Administration, a Federal agency authorized to make loans to farmers and rural residents, made a loan to the plaintiffs to finance the purchase of the said house. A total of $2,000 in *354 loan funds was withheld to guarantee proper completion. The work was not satisfactorily completed by defendant Eastland and the plaintiffs have sued the various parties engaged in the manufacture, erection and sale of that home and the owner of the property on which it is located. Plaintiffs have also sued Jack Massaro who is the Farmers’ Home Administration official who approved the loan. He is being sued in his individual capacity, not in his official capacity, as loan officer of the Farmers’ Home Administration.
The fourth cause of action in the complaint is brought to recover damages for an alleged conspiracy engaged in by all the defendants to defraud plaintiffs. The specific allegation is that defendant Jack Massaro represented to plaintiffs that noncompliance by defendant Eastland in failing to correct any deficiencies in the house within 30 days of the closing, would result in suspending defendant Eastland from doing any further business with any and all Federal agencies. The complaint further alleges that defendant Massaro made this commitment with the intent not to perform it and has in fact not performed it.
A public official, acting in his official capacity and in pursuit of his official duties, is immune from suit for damages. The allegations .of the complaint, even if accepted as true, bring this case within the doctrine laid down in the case of Holmes v. Eddy (341 F. 2d 477, 479) wherein the court said, ‘! ‘ public officers when acting within the scope of their official authority .are immune from suit for damages. ’ ” (Bradley v. Fisher, 80 U. S. 335; Barr v. Matteo, 360 U. S. 564, rehearing den. 361 U.S. 855.)
In the Barr v. Matteo case (supra), Mr. Justice Hablan held that an official is immune if he performs “ discretionary acts at those levels of government where the concept of duty encompasses the sound exercise of discretionary authority” and if the action taken was within the outer perimeter of the official’s line of duty.
The acts of defendant Massaro were in the course of his official duties and are of a discretionary nature entitled to immunity and are certainly within the outer perimeter of his line of duty (Barr v. Matteo, supra, p. 575).
Therefore, defendant Massaro is immune from suit for damages and his motion to dismiss the fourth cause of action is granted.