Thomas Michael WILLIAMS, Plaintiff,

v.

**WESTBROOK PSYCHIATRIC HOSPI-
TAL et al., Defendants.**

No. 415–72–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Sept. 21, 1976.

Helen S. Lane, Arlington, Va., John Joseph Matonis, Washington, D.C., for plaintiff.

Harry L. Thompson, Joseph M. Spivey, III, Hunton & Williams, T. S. Ellis, III, Richmond, Va., Lanier Thurmond, Thurmond, Beaver & Bostwick, Richmond, Va., Jack B. Russell, Richmond, Va., James C. Gregg, Macleay, Lynch, Bernhard & Gregg, Washington, D.C., for defendants.

MEMORANDUM

MERHIGE, District Judge.

Plaintiff, a resident of Washington, D.C., brings this action for money damages in excess of $10,000 against a Virginia corporation and various medical doctors, resi-

dents of Virginia. The defendants are alleged to have negligently diagnosed and treated the plaintiff and to have conspired with each other to wrongfully confine the plaintiff in violation of his common law rights and his rights under the Civil Rights Act, 42 U.S.C. §§ 1981, 1983, 1985 and 1986. Jurisdiction is attained pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1343. The case is presently before the Court on defendants' motions for summary judgment. Each of the parties have filed memoranda in support of their respective positions, premised on the stipulations and uncontroverted issues of fact, and the matter is now ripe for disposition.

The issues as to the respective defendants will be addressed seriatim.

## Defendant Gerhard Cotts

The defendant, Gerhard Cotts, M.D., is a licensed psychiatrist practicing in Arlington County, Virginia. In October of 1964, plaintiff's father, Ben Williams, petitioned the Arlington County court to have the plaintiff committed to a hospital for medical observation. Defendant Cotts was summoned by the court to appear at the commitment proceeding pursuant to the requirements of the then prevailing Virginia law, Virginia Code § 37–99. Pursuant to the summons, Dr. Cotts examined the plaintiff, executed the medical certificate, and appeared at the commitment proceeding. Plaintiff at the time was represented by counsel. On the basis of the petition, medical certificate and the court's own interrogation, the court ordered that plaintiff be committed for observation to Westbrook Psychiatric Hospital, Inc. for a period not to exceed ninety days.

Defendant Cotts is alleged to have been negligent in his participation in the commitment proceeding. He was not otherwise involved in the matters herein in controversy.

The initial issue as to this defendant is whether or not his participation in the commitment proceeding was privileged.

■ The general rule applicable in Virginia is that statements made as pertinent

testimony in the course of a judicial proceeding are absolutely privileged. Ann. 73 A.L.R.2d 333 § 7 (1960).

It is well-settled law in Virginia that words spoken or written in the judicial proceeding that are relevant and pertinent to the matter under inquiry are absolutely privileged.

See Darnell v. Davis, 190 Va. 701, 58 S.E.2d 68 (1950), Penick v. Ratcliffe, 149 Va. 618, 140 S.E. 664 (1927), and Massey v. Jones, 182 Va. 200, 28 S.E.2d 623 (1944).

Examining physicians who testify or otherwise give evidence at proceedings to determine sanity have been held immune from liability for torts on the basis of several theories. Certain of the cases have treated court-appointed physicians as quasi-judicial officers and therefore entitled to judicial immunity. Bromund v. Holt, 24 Wis.2d 336, 129 N.W.2d 149 (1964). See also Gilpin v. Tack, 256 F.Supp. 562 (D.C.Ark.1966), Fowle v. Fowle, 255 N.C. 720, 122 S.E.2d 722 (1961). This immunity from tort liability has been likewise applied to actions brought pursuant to 42 U.S.C. § 1983. Duzynski v. Nosal, 324 F.2d 924 (7th Cir. 1963).

The Fourth Circuit has recently held that Court appointed attorneys enjoy absolute immunity from suits alleging violations of § 1983. Minns v. Paul, No. 75–1427 (4th Cir. Aug. 9, 1976). The same rationale, that of recognizing a public policy which encourages the free exercise of professional discretion in the discharge of obligations by quasi-judicial officers, applies to court-appointed physicians.

■■ In the instant case, Dr. Cotts was summoned by Arlington County court to testify in the judicial proceeding for purposes of determining whether the plaintiff should be committed to a hospital for observation. The statements made and submitted by Dr. Cotts in that proceeding are absolutely privileged and immune from both state torts claims and claims brought under the Civil Rights Act. In addition, the defendant Cotts has contended that plaintiff's action is barred by the applicable statute of limitations. See Va.Code § 8–24.

By its language the statute applies a two-year limitation of personal injury claims and by judicial construction, the civil rights allegations carry a two-year limitation. *Almond v. Kent,* 459 F.2d 200 (4th Cir. 1972).

There is no dispute that the actions of Dr. Cotts of which the plaintiff complains took place on October 14, 1964 at which time the plaintiff was eighteen years of age. The plaintiff, reached the age of majority on July 3, 1967. The suit in this cause was filed on August 9, 1972.

Va.Code § 8–30 preserves actions for persons under a disability due to infancy or insanity at the time the cause of action first accrues. Since the plaintiff was a minor on October 14, 1964, the period of limitations for his claim against Dr. Cotts did not begin to run until July 3, 1967. Thus, the effect on this statute would be to bar an action against Dr. Cotts filed subsequent to July 3, 1969. The basis of the plaintiff's allegations against this defendant is that he was not insane or mentally incompetent and he therefore cannot claim the benefit of a mental disability to preserve his right of action under this section. Since plaintiff's action was not filed until August 9, 1972, the action is barred as against Dr. Cotts.

It follows therefore, in light of the privilege and immunity from suit afforded this defendant, and on the further grounds that plaintiff's action was barred by the appropriate statute of limitations, summary judgment must be entered for Dr. Cotts.

*Defendants Westbrook, Foster, Gayle and Barnes*

Westbrook Psychiatric Hospital, Inc., is a private hospital to which plaintiff was committed for observation by court order of October 14, 1964 and to which plaintiff was further committed pursuant to a court order under date of December 30, 1964. Drs. Foster, Gayle and Barnes are practicing physicians who allegedly negligently diagnosed and treated plaintiff, while he was at the Westbrook Psychiatric Hospital, and allegedly conspired to wrongfully confine him to Westbrook and other mental institutions.

The sole issue as to these defendants is whether plaintiff's actions against them are barred by the appropriate statute of limitations, Va.Code § 8–24, since the Court has already indicated this two-year statute of limitations for personal injury claims applies to all of the plaintiff's state and federal claims against these defendants.

Plaintiff became an inpatient at the Hospital by virtue of court order on October 14, 1964. He was intermittently at the Hospital until his final leaving that institution on January 25, 1968. In the meantime, he had on July 3, 1967 attained adulthood. After leaving Westbrook, plaintiff's parents arranged for his admission to the Institute of Living at Hartford, Connecticut. He was admitted as a voluntary patient on January 25, 1968 and was discharged on April 17, 1971. At that time arrangements were made for the plaintiff to continue in psychotherapy with a doctor in Arlington, Virginia. The records reflect that plaintiff was officially discharged from Westbrook Psychiatric Hospital on February 1, 1972. Plaintiff sued, as the Court has already stated, on August 9, 1972.

All of the alleged actions of these defendants were at the Westbrook Psychiatric Hospital during the period of October 14, 1964 until he left that institution on January 25, 1968.

This action was instituted more than five years after he had attained the age of majority, and more than four years after his last contact with these particular defendants on January 25, 1968.

The Court concludes, therefore, that plaintiff's action in this case is barred by the applicable statute of limitations, Va. Code § 8–24, unless, plaintiff's right of action was preserved by reason of insanity in accord with Va.Code § 8–30.

Plaintiff's right to maintain the instant action was not prevented by the mere fact of his commitment to Westbrook Hospital. The then prevailing Virginia law—Va.Code § 37–99 provided:

"Commitment under this section shall not be deemed a final adjudication of the

person committed, and *shall not affect any right or privilege heretofore possessed by such person under the laws of the Commonwealth.*" (Emphasis added.)

The term "insane" as used in statutes extending the time within which to commence an action has been held to mean such a condition of mental derangement as actually to bar the sufferer from comprehending rights which he is otherwise bound to know. A plaintiff may not rely on an adjudication of insanity to toll the statute of limitations and, at the same time, allege wrongfulness of confinement and treatment due to alleged sanity. *Hoffman v. Halden,* 268 F.2d 280 (9th Cir. 1959), *overruled on other grounds sub nom. Cohen v. Norris,* 300 F.2d 24 (9th Cir. 1962); *Hoffman v. Keller,* 193 F.Supp. 733 (D.C.Ore. 1961); *Kenny v. Killian,* 133 F.Supp. 571 (D.C.Mich.1955), *aff'd,* 232 F.2d 288 (6th Cir. 1956), *cert. denied,* 352 U.S. 855, 77 S.Ct. 84, 1 L.Ed.2d 66.[1]

The basis for all of plaintiff's claims as to these particular defendants, including malpractice, assault and battery, false imprisonment, conspiracy, and deprivation of civil rights under 42 U.S.C. §§ 1981, 1983, 1985 and 1986 all stem from plaintiff's allegation that he was misdiagnosed and wrongfully committed to a psychiatric hospital by virtue of the court order of October 14, 1964. The Court concludes, therefore, that plaintiff may not also assert that his right of action was preserved under Va.Code § 8–30 by virtue of his alleged insanity. Since it is uncontroverted that the last potential overt act of which plaintiff complains ended as of January 25, 1968 at which time plaintiff was last treated at Westbrook Hospital, and plaintiff did not institute suit until August 9, 1972, his action is barred by Va.Code § 8–24.

An appropriate order will issue.

---

1. *See also* 16 A.L.R. Fed. 440 § 8 (1973) citing Ann. 166 A.L.R. 960 (1947), *id.* at 493 n. 15, for the writer comments that "at first glance the result reached by courts on this question seems so shockingly unfair . . . but that closer scrutiny discloses that these decisions constitute a correct interpretation of the applicable statutory provisions, in accordance with the well-established principles construing exemption provisions in a statute of limitations, and that since it is not the function of the courts, under our system of law, to make the law, the fault apparently lies with the legislature."