Bentley v. Langley

RICHARD PAUL BENTLEY ADMINISTRATOR OF THE ESTATE OF CAROL JEAN BENT-
    LEY, DECEASED v. JOHN T. LANGLEY, GEORGE EDWARD FLEMING,
    EDNA ROUSE & LENOIR COUNTY MEMORIAL HOSPITAL, INC.

No. 788SC87

(Filed 5 December 1978)

1. **Evidence § 28.1; Rules of Civil Procedure § 56.4— affidavit—facts upon which
    opinion based**
        A physician's affidavit presented in opposition to a motion for summary
    judgment set forth sufficient facts upon which the affiant's opinion was based
    where it appeared that he based his opinion on statements in depositions of
    two other physicians presented in support of the motion.

2. **Physicians, Surgeons and Allied Professions § 11.1— affidavit of physician
    from another state—knowledge of standards in similar locations**
        The affidavit of an anesthesiologist licensed to practice in New York was
    properly considered upon motion for summary judgment in a malpractice ac-
    tion in this state where the affiant stated that he was familiar with standards
    of care for the administration of anesthetics in hospitals under similar cir-
    cumstances and similar locations as the defendant hospital.

3. **Physicians, Surgeons and Allied Professions §§ 12, 19— cardiac arrest during
    surgery—death from brain damage—negligence by nurse anesthetist, surgeon,
    anesthesiologist**
        In an action to recover for the death of plaintiff's wife resulting from
    massive brain damage sustained when she suffered cardiac arrest during a
    laminectomy performed by defendant surgeon, the affidavit of an
    anesthesiologist presented by plaintiff in opposition to a motion for summary
    judgment was sufficient to raise issues of fact as to (1) whether defendant
    nurse anesthetist negligently failed to monitor the patient properly, (2)
    whether defendant surgeon and defendant anesthesiologist were negligent in
    failing adequately to supervise the nurse anesthetist, and (3) whether defend-
    ant surgeon and defendant anesthesiologist were negligent in failing promptly
    to resuscitate the patient after she suffered cardiac arrest.

APPEAL by plaintiff from *Graham, Judge*. Judgment entered
10 May 1977 in Superior Court, WAYNE County. Heard in Court of
Appeals 24 October 1978.

On 29 August 1975, plaintiff instituted this action for
damages arising from the negligent treatment of plaintiff's wife
during a laminectomy performed by Dr. Langley at the Lenoir
County Memorial Hospital on 30 August 1973. The defendants
answered the complaint and denied the plaintiff's allegations of
negligence. In 1976, defendant Rouse died, and the executors of

her estate, Patty Rouse Harper and Henry C. Harper were substituted as party defendants.

On 5 April 1977, defendants Langley and Fleming moved for summary judgment on the grounds that there was no negligence. On 5 April 1977 defendant hospital and defendant Rouse also moved for summary judgment. On 10 May 1977, the court allowed defendants' motions. From this judgment, plaintiff appeals.

*Kornegay & Rice by George R. Kornegay, Jr. and Robert T. Rice for plaintiff appellant.*

*Teague, Johnson, Patterson, Dilthey & Clay by Ronald C. Dilthey for defendant appellees, Edna Rouse and Lenoir County Memorial Hospital, Inc.*

*Smith, Anderson, Blount & Mitchell by C. Ernest Simons, Jr. and James D. Blount, Jr. for defendant appellees, Drs. John T. Langley and George Edward Fleming.*

CLARK, Judge.

Summary judgment is appropriate only where there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. *Lee v. Shor*, 10 N.C. App. 231, 178 S.E. 2d 101 (1970). The movant's materials in support of summary judgment must be carefully scrutinized, and the non-moving parties' materials must be indulgently regarded. *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972). Any doubt must be resolved in favor of the party opposing the motion for summary judgment. *Miller v. Snipes*, 12 N.C. App. 342, 183 S.E. 2d 270, *cert. denied*, 279 N.C. 619, 184 S.E. 2d 883 (1971). If the defendant moving for summary judgment successfully carries his burden of proof, the plaintiff must, by affidavits or otherwise, set forth specific facts showing that there is a genuine issue for trial. *Haithcock v. Chimney Rock Co.*, 10 N.C. App. 696, 179 S.E. 2d 865 (1971). *See*, Louis, A Survey of Decisions under the New North Carolina Rules of Civil Procedure, 50 N.C.L. Rev. 729, 740-744 (1972).

In the case *sub judice*, the defendants supported their motions for summary judgment with depositions of Dr. Langley and Dr. Fleming.

## DEPOSITION OF DR. LANGLEY

Dr. Langley was performing a laminectomy on Mrs. Bentley on 30 August 1973 at the Lenoir County Memorial Hospital. Nurse Edna Rouse was present in the operating room and was administering anesthetics and monitoring the vital signs of the patient. Dr. Fleming, the anesthesiologist, was not present in the operating room. Dr. Langley had exposed the disc that was to be removed and at about 2:15 p.m., Rouse notified him that the patient had no blood pressure or heart action. Dr. Langley stopped the operation and straightened out the operating table, which was in a jack-knife position. Mrs. Bentley was lying in a prone position on the jack-knifed table so as to expose the operative site. Nurse Rouse called Dr. Fleming to assist in resuscitating Mrs. Bentley, and he arrived about 45 seconds later. Dr. Fleming turned the patient to a face-up position and Dr. Langley resuscitated her with a closed cardiac massage. Nurse Rouse stopped administering anesthetics and began supplying the patient with full oxygen. Mrs. Bentley was resuscitated and Dr. Langley completed the laminectomy. After the operation, it was discovered that Mrs. Bentley had suffered massive brain damage; she died several days later.

There was a lapse of less than ten seconds between the time Dr. Langley was informed of the cardiac arrest and the time Dr. Fleming was called. About 45 seconds transpired before Dr. Fleming arrived and the patient was resuscitated within three to five minutes after his arrival. Nurse Rouse informed Dr. Langley that the vital signs were stable immediately preceding the cardiac arrest, and that she had taken Mrs. Bentley's blood pressure within two minutes immediately preceding the cardiac arrest.

Dr. Langley did not know what caused the cardiac arrest and had never formed an opinion as to the cause. He had discussed numerous possibilities, such as whether there were any anesthetic difficulties, any trauma during intubation, and whether there was inadequate ventilation or equipment failure.

## DEPOSITION OF DR. FLEMING

Dr. Fleming testified that when he arrived in the operating room, Mrs. Bentley had been in cardiac arrest for "less than a few minutes." Her pupils were dilated and she was mildly

cyanotic when he arrived. Usually the patient's pupils dilate within three to five minutes after the complete cessation of blood to the brain. It is standard medical practice to record a patient's blood pressure every ten minutes, and that Nurse Rouse had done so every five minutes.

We do not deem it necessary to determine whether or not the defendants have met their burden of establishing that there was no genuine issue of material fact because plaintiff presented materials in opposition to the motions which show that there is a genuine issue of negligence as to each of the defendants.

Plaintiff opposed defendants' motions by presenting an affidavit by Dr. Barnett A. Greene, a copy of the agreement between Dr. Fleming and Lenoir Memorial Hospital, Inc., a copy of the job description for a nurse anesthetist and a copy of the anesthesia record.

[1] Defendants contend that the affidavit is defective because it is not based on personal knowledge and does not set forth the facts upon which the doctor's opinion was based. *Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400 (1972); *Peterson v. Winn-Dixie*, 14 N.C. App. 29, 187 S.E. 2d 487 (1972). *See, Bank v. Gillespie*, 291 N.C. 303, 230 S.E. 2d 375 (1976); and *Borden, Inc. v. Brower*, 284 N.C. 54, 199 S.E. 2d 414 (1973). The affidavit of Dr. Greene provides in pertinent part:

> "1. I am an anesthesiologist, a medical doctor specializing in the field of giving anesthesia, and am duly licensed in the State of New York. I am Board-certified in the specialty and have instructed in a training program for nurse anesthetists.

> 2. I have reviewed the Lenoir County Memorial Hospital records from Kinston, North Carolina, regarding the care given to Carol Jean Bentley for her hospitalization from August 28, 1973, to September 6, 1973.

> 3. I am familiar with the standards of care for the administration of anesthesia in similar circumstances in similar localities.

> *    *    *    *

> 6. If resuscitation had been as prompt and as effective as Dr. Langley and Dr. Fleming indicate in their depositions,

after the nurse anesthetist finally advised them of the complication then Mrs. Bentley, in all medical probability, suffered from a loss of blood oxygen for a period of time before the nurse anesthetist advised Dr. Langley and Dr. Fleming of the complication. The nurse anesthetist, Edna Rouse, was negligent in failing to detect and treat the hypoxia before it had progressed to where it caused permanent brain damage.

\*    \*    \*    \*

8. Edna Rouse was a nurse anesthetist, and by law and by customary practice was not entitled to administer anesthesia or prescribe prescription drugs, which are inherent in the administration of anesthesia, except under the direct supervision and direction of a physician who is responsible for the monitoring of her physiologic condition, the diagnosis of any abnormalities therein, and the prescribing of proper treatment for those abnormalities. Edna Rouse, the nurse anesthetist, therefore of necessity had to act under the direction of the patient's physicians Dr. Langley and Dr. Fleming.

9. Dr. John T. Langley was negligent in failing to maintain that degree of skill and knowledge necessary for proper supervision of Edna Rouse. To the extent that Dr. George Fleming undertook to provide anesthesia services and to supervise Edna Rouse, he was also responsible for the anesthesia services administered."

The anesthesia record contains no time sequence of the events occurring immediately after the cardiac arrest. That information is contained only in the depositions of Dr. Langley and Dr. Fleming. Paragraph 2 of Dr. Greene's affidavit states that he reviewed the "hospital records" in forming his opinion, but the anesthesia record contains no facts from which he could draw any conclusions as to whether the nurse failed to detect the cardiac arrest, when it occurred, or whether the resuscitation by the doctors was not prompt. In paragraph 6, however, Dr. Greene refers to the information contained in the depositions of Drs. Langley and Fleming, and therefore, it is apparent that he was basing his opinion on their statements in the depositions as well as on the anesthesia record. Although the affidavit is not as detailed as it

should have been, it is sufficient in this case because it appears that Dr. Greene did review the depositions of the two doctors.

[2] Defendants' contention that the affidavit cannot be considered because Dr. Greene is not familiar with North Carolina medical standards is also without merit. In paragraphs 1 and 2, Dr. Greene states that he is a licensed anesthesiologist familiar with standards of care for the administration of anesthetics in hospitals under similar circumstances and similar locations as the Lenoir County Memorial Hospital. Therefore, the information set forth in the affidavit is sufficiently specific to meet the requirements of Rule 56(e).

[3] Although the depositions of the two doctors tend to show that no negligence occurred which caused the cardiac arrest, and that there was no negligence in monitoring the patient or in resuscitating her, the affidavit of Dr. Greene indicates that the massive brain damage sustained by Mrs. Bentley would not have occurred if resuscitation had been as prompt and effective as the doctors indicated in their depositions. Dr. Greene has placed the credibility of the three defendants squarely in issue and has raised an issue of fact as to whether Nurse Rouse failed to monitor the patient properly, or in the alternative, whether the doctors were too slow in resuscitating Mrs. Bentley. The plaintiff has discredited the movants' evidence and has pointed out the existence of a genuine issue of fact for the jury sufficient to withstand defendants' motions for summary judgment.

Dr. Greene also states in his affidavit that as a customary practice, and by law, Nurse Rouse was not entitled to administer drugs except under the "*direct* supervision and direction of a physician. . . . Edna Rouse, the nurse anesthetist, therefore of necessity had to act under the direction of the patient's physicians Dr. Langley and Dr. Fleming." (Emphasis added.) The deposition of Dr. Fleming also tended to show that he was in charge of assigning nurses to patients and that his job included supervising the nurses' work. The affidavit of Dr. Greene had raised a genuine issue of negligence for the jury to determine, as well as an issue as to which of the defendants were directly negligent or were negligent in failing to adequately supervise Nurse Rouse.

The affidavit of Dr. Greene leaves much to be desired because the factual basis for his opinions are not set forth with sufficient specificity. However, in light of the rule that on a motion for summary judgment, the nonmoving parties' materials must be indulgently regarded, *Page, supra; Miller, supra,* we find that the affidavit was sufficient to meet the requirements of Rule 56(e).

The granting of summary judgment in favor of defendants is reversed.

Judges WEBB and MARTIN (Harry C.) concur.