ROBERT D. WILLIAMS v. EDGAR D. CONGDON

No. 7829SC1019

(Filed 18 September 1979)

**Physicians, Surgeons, and Allied Professions § 11; Libel § 11— psychiatrist's report in judicial proceeding—absolute privilege—no malpractice or libel**

Where defendant psychiatrist interviewed plaintiff, his estranged wife, and the couple's daughter for the purpose of rendering a report to the court as to the custody of the daughter, defendant conducted his interviews and made his report as a witness in the due course of a judicial proceeding; therefore, his report was absolutely privileged and could not be made the basis of a cause of action for either medical malpractice or libel.

APPEAL by plaintiff from *Baley, Judge*. Judgment entered 9 June 1978 in Superior Court, POLK County. Heard in the Court of Appeals 22 August 1979.

This is a civil action wherein the plaintiff sought damages for the malpractice of the defendant psychiatrist.

The essential allegations of the complaint are as follows. Defendant held himself out to be a medical doctor possessing skills and training as a practicing psychiatrist. Plaintiff and plaintiff's estranged wife, Naomi, were parties to a civil dispute pending in the District Court, Twenty-Ninth District, Polk County, involving the custody of their eleven year old daughter. Defendant contracted with plaintiff to investigate and examine the relations of plaintiff, wife, and daughter, and to render a report to the court in said civil case. Defendant agreed, as a part of said report, to give his professional, expert opinion as to the best disposition of the custody of the daughter, with the understanding that the court would utilize the report as a factor in determining the custody of the daughter. Pursuant to said contract, the defendant interviewed all three parties to the dispute and subsequently rendered his report to the court. In making his report the defendant negligently, improperly, and unprofessionally accepted biased

and untrue statements of plaintiff's estranged wife and then, based upon such statements, arrived at conclusions which were untrue, insulting, and unfair to the plaintiff. Defendant, in his report, recommended custody be awarded plaintiff's estranged wife. Defendant negligently, unprofessionally, wilfully, and wantonly published his report by furnishing a copy to persons other than the court. Defendant did not furnish a copy of the report to plaintiff or plaintiff's attorney, and his failure to do so constituted unprofessional, wilfull, and wanton negligence. Defendant's malpractice caused injury and loss to the plaintiff by depriving him of the companionship of his daughter and caused him mental anguish.

Defendant answered, admitting that plaintiff and his estranged wife agreed to be interviewed by him for the purpose of his rendering a report to the court as to the custody of the daughter. Defendant further answered that he conducted the interviews, informed plaintiff of his findings, submitted his report to the court, but did not submit a copy to either plaintiff, his estranged wife or their respective counsel. As a further defense, defendant answered that plaintiff accepted the judgment of the District Court awarding custody of his daughter to his estranged wife, did not appeal from said judgment, seek rehearing, nor otherwise petition for relief from said judgment.

Defendant moved for summary judgment and in support of said motion submitted the affidavit of the trial judge in the custody dispute. In said affidavit Judge Hart stated that he had requested that the parties to the custody proceedings be interviewed by defendant; that plaintiff agreed to said interviews; that plaintiff agreed that defendant would report his findings and recommendations to the court; and that defendant rendered his report to the court.

The trial court granted defendant's motion for summary judgment, and plaintiff appealed.

*Lee Atkins for plaintiff appellant.*

*Van Winkle, Buck, Wall, Starnes, Hyde and Davis, P.A., by O. E. Starnes, Jr., for defendant appellee.*

WELLS, Judge.

The sole question presented in this appeal is: Assuming the facts alleged in plaintiff's complaint to be true, was defendant entitled to summary judgment as a matter of law? We think so.

Summary judgment is appropriate only where there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56; *Bentley v. Langley*, 39 N.C. App. 20, 249 S.E. 2d 481 (1978), *disc. rev. den.*, 296 N.C. 735, 254 S.E. 2d 176 (1979). "The party moving for summary judgment has the burden of clearly establishing the lack of any triable issue of fact by the record properly before the court. His papers are carefully scrutinized; and those of the opposing party are on the whole indulgently regarded." *Singleton v. Stewart*, 280 N.C. 460, 465, 186 S.E. 2d 400, 403 (1972), quoting from 6 Moore, Federal Practice, § 56.15[8], at p. 2439 (2d ed. 1971).

Where the pleadings or proof discloses that no cause of action exists, summary judgment may be granted. *Harrison Associates v. Ports Authority*, 280 N.C. 251, 185 S.E. 2d 793 (1972), *rehearing denied*, 281 N.C. 317 (1972).

Indulgently regarded, the plaintiff's complaint may be considered to be asserting a cause of action grounded in medical malpractice or libel. Neither can succeed under the record before us. Plaintiff has alleged, and proof submitted by defendant supports, that defendant conducted his interviews and made his report as a witness in the due course of a judicial proceeding. Accordingly, defendant's report is absolutely privileged and cannot be made the basis of a cause of action for either medical malpractice or libel. *Bailey v. McGill*, 247 N.C. 286, 100 S.E. 2d 860 (1957); *Jarman v. Offutt*, 239 N.C. 468, 80 S.E. 2d 248 (1954). *See also Fowle v. Fowle*, 255 N.C. 720, 122 S.E. 2d 722 (1961).

The granting of summary judgment in favor of defendant is

Affirmed.

Judges CLARK and ERWIN concur.