LINDA R. SHARP, PLAINTIFF v. DAVID C. MILLER, ROBERT F. WARWICK, STEPHEN
LOCKE, LOWRIMORE, WARWICK & CO. AND McGLADREY & PULLEN,
DEFENDANTS

No. COA95-167

(Filed 20 February 1996)

### 1. Reference and Referees § 40 (NCI4th)— expert witnesses appointed by referee—preparation of reports—reports absolutely privileged

Where defendants were appointed by a referee to conduct appraisals and other evaluations and to testify as expert witnesses as to the values determined in an equitable distribution action, defendants' reports were absolutely privileged and could not be made the basis of any cause of action alleged by plaintiff; therefore, plaintiff's complaint for negligence, detrimental reliance stemming from false representations or fraud, breach of contract, and breach of fiduciary duty was properly dismissed.

**Am Jur 2d, References § 28.**

### 2. Pleadings § 63 (NCI4th)— imposition of sanctions—no error

In plaintiff's action against defendants who were appointed by a referee to appraise certain property and testify in an equitable distribution action as to the values determined, the trial court did not err in determining that plaintiff's complaint was not well grounded in fact and was not legally plausible on its face, and the court properly imposed Rule 11 sanctions against plaintiff.

**Am Jur 2d, Pleading § 26.**

Appeal by plaintiff from order entered 4 October 1994 by Judge J. Richard Parker in Dare County Superior Court. Heard in the Court of Appeals 13 November 1995.

Plaintiff, Linda R. Sharp, was formerly married to Starkey Sharp, an attorney in Dare County, North Carolina. This action arises incident to defendants' involvement as expert witnesses and litigation support in the equitable distribution case between Linda Sharp and Starkey Sharp. *Sharp v. Sharp*, 116 N.C. App. 513, 449 S.E.2d 39, *disc. review denied*, 338 N.C. 669, 458 S.E.2d 181 (1994). Defendants were appointed by a referee on 17 December 1990, with the parties' con-

sent, to appraise certain property and testify as expert witnesses as to the values determined.

Plaintiff's complaint filed 21 July 1994 alleged that defendants improperly performed their duties as appraisers and expert witnesses. Specifically, plaintiff alleged negligence, detrimental reliance stemming from false representations or fraud, breach of contract and breach of fiduciary duty. In response, defendants' filed a motion to dismiss and for sanctions and attorney's fees. After hearing on 3 October 1994, Judge J. Richard Parker rendered his decision in open court to grant defendants' motion to dismiss and to impose sanctions.

Plaintiff appeals.

*Linda R. Sharp, plaintiff-appellant, pro se.*

*Hornthal, Riley, Ellis & Maland, L.L.P., by L.P. Hornthal, Jr., and Phillip K. Woods, for defendant-appellees.*

EAGLES, Judge.

[1] Plaintiff assigns error to the trial court's grant of defendants' motion to dismiss pursuant to North Carolina Rule of Civil Procedure 12(b)(6). Our standard of review is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory . . . ." *Harris v. NCNB,* 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). "In ruling upon such a motion, the complaint is to be liberally construed, and the court should not dismiss the complaint 'unless it appears beyond doubt that [the] plaintiff could prove no set of facts in support of his claim which would entitle him to relief.'" *Sinning v. Clark,* 119 N.C. App. 515, 517, 459 S.E.2d 71, 73 (quoting *Dixon v. Stuart,* 85 N.C. App. 338, 340, 354 S.E.2d 757, 758 (1987)), *disc. review denied,* 342 N.C. 194, 463 S.E.2d 242 (1995).

After careful review of plaintiff's complaint, we conclude that plaintiff's allegations fail to state a claim upon which relief may be granted. Defendants conducted their appraisals and other evaluations in preparation for providing expert witness testimony in the "due course of a judicial proceeding." *Williams v. Congdon,* 43 N.C. App. 53, 55, 257 S.E.2d 677, 678 (1979). The appraisals and reports made by defendants here are absolutely privileged and cannot be made the basis of any cause of action alleged by plaintiff. *Id.; Bailey v. McGill,* 247 N.C. 286, 293-94, 100 S.E.2d 860, 866-67 (1957); *Godette v. Gaskill,*

151 N.C. 51, 52, 65 S.E. 612, 612-13 (1909). Accordingly, we conclude that plaintiff's complaint was properly dismissed.

**[2]** Plaintiff also assigns error to the trial court's imposition of Rule 11 sanctions against plaintiff. "According to Rule 11, the signer certifies that three distinct things are true: the pleading is (1) well grounded in fact; (2) warranted by existing law, 'or a good faith argument for the extension, modification, or reversal of existing law' (legal sufficiency); and (3) not interposed for any improper purpose." *Bryson v. Sullivan*, 330 N.C. 644, 655, 412 S.E.2d 327, 332 (1992). "A breach of the certification as to any one of these three prongs . . ." requires the imposition of sanctions. *Id.* "The trial court's decision to impose or not to impose mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a) is reviewable *de novo* as a legal issue." *Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989).

Plaintiff argues that the trial court erred in determining that plaintiff's complaint was not well grounded in fact and was not legally plausible on its face. We are not persuaded. Plaintiff's complaint states that "[d]efendants' actions as expert witness [sic] in connection with the equitable distribution case of Starkey and Linda R. Sharp are the subject of this action." The remainder of plaintiff's complaint primarily alleges numerous irregularities in the expert testimony and in defendants' report that was the basis of the expert testimony and that was prepared solely for the purpose of providing expert testimony.

As we have recognized, defendants are absolutely immune from suit for their actions in preparing the report to guide expert testimony as well as in providing expert testimony in the course of a judicial proceeding. *Williams*, 43 N.C. App. at 55, 257 S.E.2d at 678. This immunity from civil suit extends so far as to protect one who allegedly commits perjury. *Briscoe v. LaHue*, 460 U.S. 325, 342-43, 75 L. Ed. 2d 96, 113-14 (1983); see *Bailey*, 247 N.C. at 293-94, 100 S.E.2d at 866-67. Plaintiff's brief in opposition to defendants' motion to dismiss ignores this well-established precedent regarding witness immunity and fails to argue for a reversal or modification of this existing and well-established law. Accordingly, we conclude that the trial court properly imposed Rule 11 sanctions against plaintiff.

Plaintiff next argues that the trial court erred in ordering plaintiff to pay defendants' costs of defending this action including reasonable attorney's fees as a sanction. We disagree. In reviewing the propriety

of the sanction imposed, the standard is one of abuse of discretion. *Turner*, 325 N.C. at 165, 381 S.E.2d at 714. On this record, we conclude that the sanction imposed was within the trial court's discretion. We need not address plaintiff's remaining assignments of error.

Affirmed.

Chief Judge ARNOLD and MARTIN, JOHN C., concur.