## CIRCUIT COURT OF THE CITY OF SALEM

Walter E. Childress

v.

Lewis-Gale Clinic, Inc.,
and James M. Leipzig

May 5, 1998

Case No. CL95-190

BY JUDGE ROBERT P. DOHERTY, JR.

On May 1, 1997, an order was entered sustaining the Defendant's demurrer and/or dismissing all of the counts of Plaintiff's Motion for Judgment. The Plaintiff was given an opportunity to file an amended pleading as to his count alleging abandonment by his health care providers. That amended Motion for Judgment was timely filed. The Plaintiff realleged his claim for abandonment and added new allegations for defamation and for fraud and/or misrepresentation. Defendants demurred to this amended pleading and filed a Special Plea in Bar alleging that the newly pleaded allegations of defamation and of fraud and/or misrepresentation were barred by the applicable statutes of limitations. Plaintiff's reply argument indicates that he interprets his amended pleading as also alleging an action for emotional distress.

The court previously advised the *pro se* Plaintiff, both orally and in writing, that it would be in his best interest to hire counsel. The Plaintiff failed to do so and has represented himself throughout these proceedings. His representation included filing legal memoranda in support of his various positions. Many of his legal arguments demonstrate a basic misunderstanding of the law and of the cases upon which he relies. Nonetheless, a *pro se* Plaintiff is held to the same standard as would be a Plaintiff represented by competent counsel.

## Statute of Limitations

Defendant's Special Plea in Bar of the Statute of Limitations as to the newly filed allegations of defamation and of fraud and/or misrepresentation is granted. The two year statute of limitations for Plaintiff's personal injury actions commenced running during the month of November 1993, that being the time when the Plaintiff knew or should have known that his alleged injuries had occurred. The Amended Bill of Complaint which first raised these new tort claims was not filed until May 30, 1997, more than two years after the actions accrued. The Defendants' Special Plea of the Statute of Limitations is sustained as to the claims of defamation and of fraud and/or misrepresentation.

The claim of the Plaintiff that the statute of limitations should be tolled because he has been adjudged insane by a federal administrative law judge, to be mentally incapable of rationally conducting his own affairs, pursuant to § 8.01-229, Code of Virginia, as amended, is denied. "The term 'insane' as used in statutes extending a time within which to commence an action has been held to mean such a condition of mental derangement as actually to bar the sufferer from comprehending rights which he is otherwise bound to know." *Williams v. Westbrook Psychiatric Hosp.*, 420 F. Supp. 322 (E.D. Va. 1976). No such evidence has been presented in this case. On the contrary, Plaintiff's actions on his behalf belie that finding. In addition, the Plaintiff may not use this litigation and his claims of emotional or mental harm as a sword to attack the Defendants and at the same time use the same claim of mental harm as a shield to prevent the Defendant from defending his case on a claim of the running of the statute of limitations. For all matters regarding this litigation, the Court finds the Plaintiff to be *sui juris*.

## Emotional Distress

The Court is of the opinion that the Amended Motion for Judgment does not contain an allegation of emotional distress as a separate tort but instead claims that it is a factor to be considered in determining damages. If there is a separate count for emotional distress, the Court finds that it is not properly pleaded and therefore sustains the demurrer as to it. In the alternative, the Court finds it to be included in the Defendants' Special Plea of the Statute of Limitations and is time barred.

## Abandonment

The final issue to be resolved on demurrer is whether or not the amended pleading adequately alleges that the Defendant health care providers committed an intentional tort by abandoning the Plaintiff during the course of his medical treatment. Plaintiff's Amended Motion for Judgment contains twenty-three attachments, including, but not limited to, medical reports, letters to and from physicians, insurance companies, and others, and affidavits from the Plaintiff and his wife. All of these attachments are deemed to be incorporated by reference and made a part of the Plaintiff's Amended Motion for Judgment, even though in many instances they conflict with the Plaintiff's allegations.

The law in Virginia regarding abandonment of a patient by a health care provider is that:

As a general rule, unless the services to be rendered are conditioned or limited by notice or by the terms of employment, the physician-patient relationship continues until the services are no longer needed, however, the relationship may be terminated earlier by mutual consent or by the unilateral action of the patient; and under certain circumstances, the physician has a right to withdraw from a case, provided the patient is afforded a reasonable opportunity to acquire the services he needs from another physician.

In this case, despite the Plaintiff's protestations to the contrary, the pleadings clearly show that the physician was concerned about the Plaintiff's behavior and attitude towards his elective back surgery and chose to withdraw from the case. He did so by letter to the Plaintiff advising him that Plaintiff was being discharged from his medical practice. The Defendant further arranged for the Plaintiff to be seen for emergency care for a period of thirty days pending the Plaintiff's employment of another physician. This letter constituted reasonable notice to the Plaintiff of his physician's withdrawal, was done in such a manner so as to give the Plaintiff reasonable time to secure other medical attendance, and it made provisions for emergency care in the interim. The doctor-patient relationship does not contemplate the involuntary servitude of the physician. The law allows him to withdraw his medical services provided it is done in such a manner that the patient is not injured.

The Defendants' demurrer to the tort claim of abandonment of the Plaintiff's health care providers is sustained. The Plaintiff's action is dismissed.